Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR MILD, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PPG INDUSTRIES, INC., MICHAEL H. MCGARRY, VINCENT J. MORALES, and MARK C. KELLY,<br><br>Defendants. | Case No.<br><br>CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS<br><br>JURY TRIAL DEMANDED |

Plaintiff Trevor Mild ("Plaintiff"), by Plaintiff's undersigned attorneys, individually and on behalf of all other persons similarly situated, alleges the following based upon personal knowledge as to Plaintiff's own acts, and information and belief as to all other matters, based upon, inter alia, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding PPG Industries, Inc. ("PPG" or the "Company"), analysts' reports and advisories

about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action brought on behalf of a class consisting of all persons and entities, other than Defendants and their affiliates, who purchased or otherwise acquired publicly traded securities of PPG from April 24, 2017 through May 10, 2018, inclusive (the "Class Period"), seeking to recover compensable damages caused by Defendants' violations of federal securities laws (the "Class").

## JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

4. Venue is proper in this judicial district pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as the Company conducts business and maintains facilities within this judicial district.

5. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

# PARTIES

6. Plaintiff, as set forth in the attached Certification, acquired PPG securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

7. Defendant PPG manufactures and distributes paints, coatings, and specialty materials in the United States and internationally. PPG is incorporated in Pennsylvania. PPG maintains principal manufacturing and distribution facilities in Sylmar, California, and principal research and development centers in Burbank, California. PPG securities trade on the NYSE under the ticker symbol "PPG."

8. Defendant Michael H. McGarry ("McGarry") has been the Company's Chief Executive Officer ("CEO") and Chairman of the Board of Directors (the "Board") since September 1, 2015 and September 1, 2016, respectively.

9. Defendant Vincent J. Morales ("Morales") has served as the Company's Chief Financial Officer ("CFO") and Senior Vice President since March 1, 2017.

10. Defendant Mark C. Kelly ("Kelly") served as the Company's Vice President and Controller during the Class Period.

11. Defendants McGarry, Morales and Kelly are sometimes referred to herein as the "Individual Defendants."

12. Each of the Individual Defendants:
   a. directly participated in the management of the Company;
   b. was directly involved in the day-to-day operations of the Company at the highest levels;
   c. was privy to confidential proprietary information concerning the Company and its business and operations;

d. was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

e. was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

f. was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

g. approved or ratified these statements in violation of the federal securities laws.

13. PPG is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency as all of the wrongful acts complained of herein were carried out within the scope of their employment with authorization.

14. The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to PPG under *respondeat superior* and agency principles.

15. Defendant PPG and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

16. On February 16, 2017, the Company filed a Form 10-K for the year ended December 31, 2016 (the "2016 10-K") with the SEC, which provided the Company's annual financial statements and position. The 2016 10-K stated that the Company's internal controls over financial reporting were effective as of December 31, 2016.

**Materially False and Misleading Statements**

17. On April 24, 2017, the Company filed a Form 10-Q for the quarter ended March 31, 2017 (the "1Q 2017 10-Q") with the SEC, which provided the Company's first quarter 2017 financial results and position. The 1Q 2017 10-Q stated there "were no changes in the Company's internal control over financial reporting that occurred during the Company's most recent fiscal quarter that have materially affected, or are reasonably likely to materially affect, the Company's internal control over financial reporting." The 1Q 2017 10-Q was signed by Defendants Morales and Kelly.

18. The 1Q 2017 10-Q contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") Defendants McGarry and Morales attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

19. On July 21, 2017, the Company filed a Form 10-Q for the quarter ended June 30, 2017 (the "2Q 2017 10-Q") with the SEC, which provided the Company's second quarter 2017 financial results and position. The 2Q 2017 10-Q stated there "were no changes in the Company's internal control over financial reporting that occurred during the Company's most recent fiscal quarter that have materially affected, or are reasonably likely to materially affect, the Company's internal control over financial reporting." The 2Q 2017 10-Q was signed by Defendants Morales and Kelly.

20. The 2Q 2017 10-Q contained signed SOX certifications by Defendants McGarry and Morales attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

21. On October 20, 2017, the Company filed a Form 10-Q for the quarter ended September 30, 2017 (the "3Q 2017 10-Q") with the SEC, which provided the Company's third quarter 2017 financial results and position. The 3Q 2017 10-Q stated there "were no changes in the Company's internal control over financial reporting that occurred during the Company's most recent fiscal quarter that have materially affected, or are reasonably likely to materially affect, the Company's internal control over financial reporting." The 3Q 2017 10-Q was signed by Defendants Morales and Kelly.

22. The 3Q 2017 10-Q contained signed SOX certifications by Defendants McGarry and Morales attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

23. On February 15, 2018, PPG filed an annual report on Form 10-K for the fiscal year ended December 31, 2017 (the "2017 10-K") with the SEC, which provided the Company's annual financial statements and position. The 2017 10-K was signed by Defendants McGarry, Morales and Kelly. The 2017 10-K contained signed SOX certifications by Defendants McGarry and Morales attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting and the disclosure of all fraud.

24. The statements referenced in ¶¶17-23 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations, and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) PPG's consolidated financial statements for the year ended December 31, 2017 and the quarterly financial statements of 2017 contained improper accounting entries and could no longer be relied upon; (2) PPG failed to maintain adequate internal

controls; and (3) as a result, Defendants' public statements were materially false and misleading at all relevant times.

## The Truth Begins to Emerge

25. On April 19, 2018, after market-close, PPG issued a press release entitled "PPG reports first quarter 2018 financial results[,]" disclosing that the Company received a report concerning potential violations of its accounting policies and identifying certain expenses that should have been accrued in the first quarter. The Company stated that the investigation was ongoing. The press release states, in relevant part:

> As PPG's earnings release was being finalized, the company received a report through its internal reporting system concerning potential violations of PPG's accounting policies and procedures regarding the failure to accrue certain specified expenses in the first quarter. Based on preliminary review, the company identified approximately $1.4 million of expense that should have been accrued in the first quarter, and the earnings reported in this release reflect the accrual of such $1.4 million of expenses. The report also alleges that there may have been other unspecified expenses, potentially up to $5 million in the aggregate, that were improperly not accrued in the first quarter. The Audit Committee of the company's Board of Directors is overseeing an investigation of the matters set forth in the report, with the assistance of outside counsel. The company is currently unable to predict the timing or outcome of the investigation and will move with diligence.

26. On this news, the Company's shares fell $0.77 or 0.7% to close at $108.87 on April 20, 2018.

27. On May 10, 2018, after market-close, PPG issued a press release entitled "PPG provides update on Form 10-Q filing and internal investigation[,]" disclosing that: 1) PPG's Audit Committee found evidence that improper accounting entries were made by certain employees at the direction of PPG's former Vice President and Controller; 2) PPG's Former Vice President was terminated as of May 10, 2018; 3) PPG would be unable to timely file its Quarterly Report on Form 10-Q

for the quarter ended March 31, 2018; and 4) PPG's financial statements for the 2017 year should not be relied upon. The press release states, in relevant part:

> **PPG provides update on Form 10-Q filing and internal investigation**
>
> PITTSBURGH, May 10, 2018 - PPG (NYSE:PPG) today announced that it has filed a Form 12b-25 Notification of Late Filing with the U.S. Securities and Exchange Commission regarding its Quarterly Report on Form 10-Q for the quarter ended March 31, 2018.
>
> As previously disclosed on April 19, 2018, PPG received a report through its internal reporting system alleging violations of PPG's accounting policies and procedures regarding the failure to accrue certain specified expenses in the first quarter of 2018. Based on its initial review at that time, PPG identified approximately $1.4 million of expenses (including legal fees, property taxes and performance-based compensation) that should have been accrued in the first quarter of 2018 and that were then reflected in PPG's earnings for the quarter ended March 31, 2018 released on April 19, 2018. In addition, the report alleged that there may have been other unspecified expenses, potentially up to $5 million in the aggregate, that were improperly not accrued in the first quarter.
>
> *The Audit Committee of the Company's Board of Directors is overseeing an investigation of the matters set forth in the report, with the assistance of outside counsel and forensic accountants. To date, the investigation has identified the following items not yet reflected in our March 31, 2018 results as reported in our April 19, 2018 press release and which impact the quarter ended March 31, 2018, in addition to the approximately $1.4 million of expenses described above: (1) failure to record amortization expense in the amount of $1.4 million to correct for amortization of an intangible asset that was inadvertently not recorded over a three-year period and discovered in March 2018; (2) understatement of a health insurance accrued liability in the amount of $500,000; and (3) failure to record an adjustment increasing the value of inventory in our Europe, Middle East and Africa region in the amount of $2.1 million due to inflation of raw materials costs (which, when corrected, would have a positive*

*effect on income in the first quarter of 2018, resulting in a net increase to income from continuing operations before income taxes from these three items of approximately $200,000).*

Apart from the investigation, the Company has identified certain inadvertent errors with respect to the quarter ended March 31, 2018. *The Company has quantified errors that would result in a net decrease in income from continuing operations before income taxes of approximately $7.8 million but may quantify additional errors prior to the filing of the Company's Quarterly Report on Form 10-Q for the quarter ended March 31, 2018.* These errors will be corrected as appropriate.

*In addition to the matters identified by the investigation relating to the quarter ended March 31, 2018, the investigation to date has also identified improper reclassifications of gains from income from discontinued operations to income from continuing operations, in total pre-tax amounts of $2.1 million in the quarter ended June 30, 2017 and $4.7 million in the quarter ended December 31, 2017. The investigation to date has also identified improper shifting of pre-tax expense between quarterly periods in 2017 as follows: (1) a total of $3.4 million in compensation expense recorded in the third and fourth quarters of 2017 that should have been recorded in the quarter ended June 30, 2017 and (2) additional expense accrual for health care claims in the amount of $3.5 million recorded in the third and fourth quarters of 2017 that should have been recorded in the quarter ended June 30, 2017. The investigation is continuing and there is no assurance that additional items will not be identified. The Company does not intend to provide additional updates on the results of the investigation until it is concluded or the Company determines that further disclosure is appropriate or necessary.*

*The investigation has found evidence that the improper accounting entries were made by certain employees at the direction of the Company's former vice president and controller. The former vice president and controller was put on administrative leave as of April 25, 2018, and his employment with the Company was terminated as of May 10, 2018.* Two employees who acted under his direction have been re-assigned to different positions within the Company where they

– 9 –

will not have a role in PPG's internal control over financial reporting nor its disclosure controls and procedures.

***In light of the matters set forth above relating to periods in 2017, as well as the ongoing investigation with respect to such periods, the Company, in consultation with the Audit Committee of the Board of Directors and the Company's independent registered public accounting firm, PricewaterhouseCoopers LLP ("PwC"), concluded that the Company's consolidated financial statements for the year ended December 31, 2017 included in its Annual Report on Form 10-K and the related report of PwC, and for the quarterly and year-to-date periods in 2017, should no longer be relied upon.***

The Company is working diligently to complete its investigation, but is currently unable to predict the timing or outcome of the investigation. PPG has self-reported information concerning this investigation to the Securities and Exchange Commission. As a result of the ongoing investigation, PPG will not be able to file its Quarterly Report on Form 10-Q for the quarter ended March 31, 2018 by the deadline of May 10, 2018 and has filed a Form 12b-25 Notification of Late Filing. PPG is currently unable to predict when it will be able to file its Quarterly Report.

(Emphasis added.)

28. On this news, the Company's shares fell $5.68 or over 5% to close at $100.43 on May 11, 2018, damaging investors.

29. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired PPG securities publicly traded on NYSE during the Class Period (the "Class"); and were damaged upon the revelation of the alleged

corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

31. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, PPG securities were actively traded on the NYSE. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by PPG or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

32. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

33. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

34. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

    a. whether the federal securities laws were violated by Defendants' acts as alleged herein;

      b. whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of PPG;

      c. whether the Individual Defendants caused PPG to issue false and misleading financial statements during the Class Period;

      d. whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

      e. whether the prices of PPG securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

      f. whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

35. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

36. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

      a. Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

      b. the omissions and misrepresentations were material;

      c. PPG securities are traded in an efficient market;

      d. the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

    e. the Company traded on the NYSE and was covered by multiple analysts;

    f. the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

    g. Plaintiff and members of the Class purchased, acquired and/or sold PPG securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

37. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

38. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### Violation of Section 10(b) of The Exchange Act and Rule 10b-5
### Against All Defendants

39. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

40. This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

41. During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various

untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities. Such scheme was intended to, and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of PPG securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire PPG securities at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

42. Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for PPG securities. Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about PPG' finances and business prospects.

43. By virtue of their positions at PPG, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants. Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth. In addition, each

defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

44. Defendants were personally motivated to make false statements and omit material information necessary to make the statements not misleading in order to personally benefit from the sale of PPG securities from their personal portfolios.

45. PPG showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control. As the senior managers and/or directors of PPG, the Individual Defendants had knowledge of the details of PPG' internal affairs.

46. The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of PPG. As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to PPG' businesses, operations, future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of PPG securities was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning PPG' business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired PPG securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

47. During the Class Period, PPG securities were traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the

market, purchased or otherwise acquired shares of PPG securities at prices artificially inflated by Defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of PPG securities was substantially lower than the prices paid by Plaintiff and the other members of the Class. The market price of PPG securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

48. By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

49. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

### Violation of Section 20(a) of The Exchange Act
### Against The Individual Defendants

50. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

51. During the Class Period, the Individual Defendants participated in the operation and management of PPG, and conducted and participated, directly and indirectly, in the conduct of PPG' business affairs. Because of their senior positions, they knew the adverse non-public information about PPG' current financial position and future business prospects.

52. As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to PPG' business practices, and to correct promptly any public statements issued by PPG which had become materially false or misleading.

53. Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which PPG disseminated in the marketplace during the Class Period concerning the Company's business, operational and accounting policies. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause PPG to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of PPG within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of PPG securities.

54. Each of the Individual Defendants, therefore, acted as a controlling person of PPG. By reason of their senior management positions and/or being directors of PPG, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, PPG to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of PPG and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

55. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by PPG.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1  A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: May 20, 2018                Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Counsel for Plaintiff