1
2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

3

4

TREVOR MILD, Individually
and on Behalf of All Others Similarly
Situated,

5

Case No.: 2:18-cv-04231-RGK-JEM

Honorable R. Gary Klausner

6
Plaintiff,

7

v.

8

9

PPG INDUSTRIES, INC., MICHAEL
H. MCGARRY, VINCENT J.
MORALES, and MARK C. KELLY,

10

11

Defendants.

12

13

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING FOR NOTICE**

14

15

WHEREAS, a consolidated class action is pending in this Court entitled *Mild v. PPG Industries, Inc. et al.*, Case No.: 2:18-cv-04231 (the "Action");

16

17

18

19

20

21

22

23

24

WHEREAS, (a) Lead Plaintiff Joe Cammarata, on behalf of himself and the Settlement Class (defined below), and (b) defendant PPG Industries, Inc. ("PPG"), Michael H. McGarry, and Vincent J. Morales (collectively, with PPG, the "PPG Defendants"); and (c) defendant Mark C. Kelly (collectively, with the PPG Defendants, the "Defendants"; together with Lead Plaintiff, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated June 1, 2019 (the "Stipulation") subject to approval of this Court (the "Settlement");

25

26

27

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for

28

purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, Defendants do not oppose Lead Plaintiff's application;

WHEREAS, the Court has reviewed and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including the Settlement Class Members.

2.     Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court conditionally certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who or which purchased or otherwise acquired PPG common stock between January 19, 2017 through May 10, 2018, inclusive (the "Settlement Class Period") and who were damaged thereby.  Excluded from the Settlement Class are Defendants; members of the Immediate Family of each of the Individual Defendants; the current or former Officers and/or directors of PPG; any person, firm, trust, corporation, Officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

3.     Solely for purposes of the proposed Settlement of this Action, the Court preliminarily finds that each element required for certification of the Settlement

Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.      The Court conditionally certifies Lead Plaintiff Joe Cammarata as Class Representative for the Settlement Class, and also conditionally appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  These conditional appointments are solely for purposes of effectuating the Settlement.

5.      The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.  If the Stipulation is terminated or is not consummated for any reason, the foregoing conditional certification of the Class shall be void and of no further effect and the Parties to the Stipulation shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the Parties to the Stipulation might have asserted in the Action.

6.      The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2019 at __:__ _.m. at the United States District Court for the Central District of California, United States Courthouse, Roybal Federal Building, in Courtroom 850, 8th Floor, 255 East Temple Street, Los Angeles, CA 90012, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine

1  whether a Judgment substantially in the form attached as Exhibit B to the
2  Stipulation should be entered dismissing the Action with prejudice against
3  Defendants; (c) to determine whether the proposed Plan of Allocation for the
4  proceeds of the Settlement is fair and reasonable and should be approved; (d) to
5  determine whether the motion by Lead Counsel for an award of attorneys' fees and
6  reimbursement of Litigation Expenses should be approved; and (e) to consider any
7  other matters that may properly be brought before the Court in connection with the
8  Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to
9  Settlement Class Members as set forth in paragraph 8 of this Order.

10       7.     The Court may adjourn the Settlement Hearing without further notice
11  to the Settlement Class, and may approve the proposed Settlement with such
12  modifications as the Parties may agree to, if appropriate, without further notice to
13  the Settlement Class.  The Court further reserves the right to enter the Judgment
14  approving the Settlement and dismissing the Complaint on the merits and with
15  prejudice as against Defendants regardless of whether it has approved the Plan of
16  Allocation or awarded attorneys' fees and expenses.

17       8.     Lead Counsel is hereby authorized to retain JND Legal Administration
18  (the "Claims Administrator") to supervise and administer the notice procedure in
19  connection with the proposed Settlement as well as the processing of Claims as
20  more fully set forth below.  Notice of the Settlement and the Settlement Hearing
21  shall be given by Lead Counsel as follows:

22       (a)     within ten (10) business days of the date of entry of this Order,
23  PPG shall provide or cause to be provided to the Claims Administrator in electronic
24  format (at no cost to the Settlement Fund, Lead Counsel or the Claims
25  Administrator) reasonably available information from its shareholder transfer
26  records or transfer agent concerning the identities and addresses of holders of PPG
27  common stock during the Settlement Class Period;

28

(b)     not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by PPG or in the records which PPG caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)     not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

9.     The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 8 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the binding effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the

Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

10.   Brokers and other nominees who purchased or otherwise acquired shares of PPG common stock during the Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners.   Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed $0.20 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet mailed; or $0.10 per name, and address provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.   Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the

1 reasonableness or documentation of expenses incurred subject to review by the
2 Court.

3      11.    Settlement Class Members who wish to participate in the Settlement
4 and to be eligible to receive a distribution from the Net Settlement Fund must
5 complete and submit a Claim Form in accordance with the instructions contained
6 therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no
7 later than one hundred twenty (120) calendar days after the Notice Date.
8 Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for
9 processing late Claims provided such acceptance does not delay the distribution of
10 the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person
11 or entity shall be deemed to have submitted to the jurisdiction of the Court with
12 respect to his, her or its Claim and the subject matter of the Settlement.

13      12.    Each Claim Form submitted must satisfy the following conditions: (a)
14 it must be properly completed, signed and submitted in a timely manner in
15 accordance with the provisions of the preceding paragraph; (b) it must be
16 accompanied by adequate supporting documentation for the transactions and
17 holdings reported therein, in the form of broker confirmation slips, broker account
18 statements, an authorized statement from the broker containing the transactional and
19 holding information found in a broker confirmation slip or account statement, or
20 such other documentation as is deemed adequate by Lead Counsel or the Claims
21 Administrator; (c) if the person executing the Claim Form is acting in a
22 representative capacity, a certification of his, her or its current authority to act on
23 behalf of the Settlement Class Member must be included in the Claim Form to the
24 satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form
25 must be complete and contain no material deletions or modifications of any of the
26 printed matter contained therein and must be signed under penalty of perjury.

27      13.    Any Settlement Class Member that does not timely and validly submit
28 a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be

deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) shall be forever barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14.     Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Mild v. PPG Industries, Inc. et al.*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91316, Seattle, WA 98111-9416, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Mild v. PPG Industries, Inc.et al.*, Case No.: 2:18-cv-04231"; (iii) state the number of shares of PPG common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall

1 | not be effective unless it provides all the required information and is received within
2 | the time stated above, or is otherwise accepted by the Court.

3 |      15.    Any person or entity who or which timely and validly requests
4 | exclusion in compliance with the terms stated in this Order and is excluded from the
5 | Settlement Class shall not be a Settlement Class Member, shall not be bound by the
6 | terms of the Settlement or any orders or judgments in the Action and shall not
7 | receive any payment out of the Net Settlement Fund.

8 |      16.    Any Settlement Class Member who or which does not timely and
9 | validly request exclusion from the Settlement Class in the manner stated in this
10 | Order: (a) shall be deemed to have waived his, her or its right to be excluded from
11 | the Settlement Class; (b) shall be forever barred from requesting exclusion from the
12 | Settlement Class in this or any other proceeding; (c) shall be bound by the
13 | provisions of the Stipulation and Settlement and all proceedings, determinations,
14 | orders and judgments in the Action, including, but not limited to, the Judgment or
15 | Alternate Judgment, if applicable, and the Releases provided for therein, whether
16 | favorable or unfavorable to the Settlement Class; and (d) shall be forever barred
17 | from commencing, maintaining or prosecuting any of the Released Plaintiffs'
18 | Claims against any of the Defendants' Releasees, as more fully described in the
19 | Stipulation and Notice.

20 |      17.    Any Settlement Class Member who does not request exclusion from the
21 | Settlement Class may enter an appearance in the Action, at his, her or its own
22 | expense, individually or through counsel of his, her or its own choice, by filing with
23 | the Clerk of Court and delivering a notice of appearance to both Lead Counsel and
24 | Defendants' Counsel, at the addresses set forth in paragraph 18 below, such that it is
25 | received no later than twenty-one (21) calendar days prior to the Settlement
26 | Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who
27 | does not enter an appearance will be represented by Lead Counsel.

28 |

18.     Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Glancy Prongay & Murray LLP<br>Leanne H. Solish, Esq.<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067 | Dechert LLP<br>Andrew J. Levander, Esq.<br>Michael L. Kichline, Esq.<br>2929 Arch Street<br>Philadelphia, PA 19104<br><br>-AND-<br><br>Ropes & Gray LLP<br>Anne Johnson Palmer<br>Three Embarcadero Center<br>Suite 300<br>San Francisco, CA 94111 |

19.     Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must state whether the objector is represented by counsel and, if so, the name, address, and

telephone number of the objector's counsel; (c) must contain a statement of the Settlement Class Member's objection or objections, whether the objection or objections apply only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (d) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of PPG common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale.  Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20.    Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

21.    Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and

conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

22.     All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

23.     The contents of the Settlement Fund held by Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24.     Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25.     If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of the date and time immediately prior to the execution of the Term Sheet on May 8, 2019, as provided in the Stipulation.

26.     Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained

therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):   (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and

their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27.     Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

28.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2019.


_____
The Honorable R. Gary Klausner
United States District Judge

[PROPOSED] ORDER