# EXHIBIT 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR MILD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PPG INDUSTRIES, INC., MICHAEL H. MCGARRY, VINCENT J. MORALES, and MARK C. KELLY,<br><br>Defendants. | Case No.: 2:18-cv-04231-RGK-JEM<br><br>CLASS ACTION<br><br>Honorable R. Gary Klausner<br><br>**STIPULATION AND AGREEMENT OF SETTLEMENT** |

1  **STIPULATION AND AGREEMENT OF SETTLEMENT**

2  This Stipulation and Agreement of Settlement, dated as of June 1, 2019 (the

3  "Stipulation") is entered into between (a) Court-appointed Lead Plaintiff Joe

4  Cammarata ("Lead Plaintiff"), on behalf of himself and the Settlement Class (defined

5  below); (b) defendants PPG Industries, Inc. ("PPG"), Michael H. McGarry, and

6  Vincent J. Morales (collectively, with PPG, the "PPG Defendants"); and (c) defendant

7  Mark C. Kelly (collectively, with the PPG Defendants, the "Defendants"), and

8  embodies the terms and conditions of the settlement of the above-captioned action

9  (the "Action").[1]  Subject to the approval of the Court and the terms and conditions

10  expressly provided herein, this Stipulation is intended to fully, finally, and forever

11  compromise, settle, release, resolve, and dismiss with prejudice the Action and the

12  Released Claims (as defined below) against Defendants.

13  WHEREAS:

14  A.  The Action was filed on May 20, 2018, in the United States District

15  Court for the Central District of California, styled *Mild v. PPG Industries, Inc. et al*,

16  Case No.: 2:18-cv-04231.

17  B.  By Order dated August 27, 2018, the Court appointed Joe Cammarata

18  Lead Plaintiff in the Action; and approved Lead Plaintiff's selection of Glancy

19  Prongay & Murray LLP as Lead Counsel for the putative class.

20  C.  On September 21, 2018, Lead Plaintiff filed and served his Amended

21  Class Action Complaint for Violations of the Federal Securities Laws (the

22  "Complaint") asserting claims against: (a) defendants PPG and Kelly under Section

23  10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5

24  promulgated thereunder; and (b) defendants McGarry, Morales, and Kelly under

25  Section 20(a) of the Exchange Act.  Among other things, the Complaint alleges that

26

27

28  [1]  All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

violations of PPG's accounting policies and procedures caused material misstatements in PPG's financial reporting. The Complaint further alleged that the price of PPG's common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

D.     On October 5, 2018, the PPG Defendants and Defendant Kelly each filed a motion to dismiss the Complaint. On October 22, 2018, Lead Plaintiff filed his papers in opposition and, on November 5, 2018, the PPG Defendants and Defendant Kelly filed reply papers. On December 21, 2018, the Court entered its Order denying Defendants' motions to dismiss the Complaint.

E.     On January 4, 2019, the PPG Defendants and Defendant Kelly each filed answers to the Complaint.

F.     With the automatic stay of discovery imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA") having been lifted following the denial of the motions of dismiss, the Parties exchanged initial disclosures on January 25, 2019, and thereafter commenced fact discovery. On February 1, 2019, Lead Plaintiff served document requests on Defendants, and on that same day, Defendant Kelly served document requests on the PPG Defendants.

G.     On February 4, 2019, the Court held a scheduling conference. A Scheduling Order was entered that same day.

H.     On February 12, 2019, Defendant Kelly served document requests on Lead Plaintiff. On February 13, 2019, the PPG Defendants served document requests on Lead Plaintiff and separately on Defendant Kelly.

I.     Pursuant to the document requests, the PPG Defendants and Defendant Kelly produced hundreds of thousands of pages of documents, which Lead Counsel reviewed and analyzed. Lead Plaintiff produced approximately 14,000 pages of documents.

1      J.      On March 4, 2019, Defendant Kelly served interrogatories on the PPG
2 Defendants, to which the PPG Defendants served responses. On March 20, 2019,
3 Lead Plaintiff served requests for admission on Defendant PPG.

4      K.      On March 8, 2019, Lead Plaintiff filed his motion for class certification,
5 together with the expert report of Dr. David Tabak of NERA Economic Consulting,
6 regarding market efficiency. Defendants deposed Lead Plaintiff and Dr. Tabak on
7 March 19, 2019 and March 27, 2019, respectively. On April 1, 2019, the PPG
8 Defendants filed their opposition to class certification, to which Defendant Kelly filed
9 a notice of joinder. With their opposition, the PPG Defendants submitted the expert
10 report of Dr. Paul Zurek of Cornerstone Research, whom Lead Plaintiff deposed on
11 April 4, 2019. On April 8, 2019, Lead Plaintiff filed his reply in support of his motion
12 for class certification, together with the rebuttal expert report of Dr. David Tabak.

13      L.      On April 22, 2019, Lead Counsel and Defendants' Counsel met with
14 former United States District Court Judge Layn R. Phillips, a highly experienced,
15 neutral mediator, who presided over a full-day mediation between the Parties in New
16 York. In advance of the mediation session, the Parties each submitted and exchanged
17 detailed mediation statements and exhibits, that addressed, among other things, issues
18 related to liability and damages. The session ended without an agreement to settle.
19 However, Judge Phillips informed the parties that he would be making a mediator's
20 proposal. Shortly thereafter, Judge Phillips presented a mediator's recommendation
21 that the Action be settled for $25,000,000, and undertook to conduct further
22 discussions with the Parties. The Parties thereafter accepted the mediator's proposal,
23 which was memorialized in a term sheet (the "Term Sheet") executed on May 8, 2019.
24 The Term Sheet sets forth, among other things, the Parties' agreement to settle and
25 release all claims asserted against Defendants in the Action in return for a cash
26 payment by or on behalf of Defendants of $25,000,000 for the benefit of the
27 Settlement Class, subject to certain terms and conditions and the execution of a
28 customary "long form" stipulation and agreement of settlement and related papers.

M.     This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties, and supersedes the Term Sheet.

N.     Based upon their investigation, prosecution and mediation of the case, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiff and the other members of the Settlement Class, and in their best interests. Based on Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of his counsel, Lead Plaintiff has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks, uncertainty, and costs of continued litigation and trial.

O.     This Stipulation constitutes a compromise of matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Defendants expressly deny that Lead Plaintiff asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

P.     Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed, and prosecuted by Lead Plaintiff in good faith and

1  defended by Defendants in good faith, that the Action is being voluntarily settled with

2  the advice of counsel, and that the terms of the Settlement are fair, adequate, and

3  reasonable.

4      NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and

5  among Lead Plaintiff (individually, and on behalf of all other members of the

6  Settlement Class) and Defendants, by and through their respective undersigned

7  attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal

8  Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties

9  from the Settlement, all Released Plaintiffs' Claims as against the Defendants'

10  Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees

11  shall be settled and released, upon and subject to the terms and conditions set forth

12  below.

13              **DEFINITIONS**

14      1.     As used in this Stipulation and any exhibits attached hereto and made a

15  part hereof, the following capitalized terms shall have the following meanings:

16          (a)     "Action" means the securities class action in the matter styled

17  *Mild v. PPG Industries, Inc.et al*, Case No.: 2:18-cv-04231 (C.D. Cal).

18          (b)     "Alternate Judgment" means a form of final judgment that may be

19  entered by the Court herein that is the same in all material respects to the proposed

20  Judgment provided for in this Stipulation, but in a form other than the form of

21  Judgment provided for in this Stipulation.

22          (c)     "Authorized Claimant" means a Settlement Class Member who

23  submits a Claim Form to the Claims Administrator that is approved by the Court for

24  payment from the Net Settlement Fund.

25          (d)     "Claim" means a Claim Form submitted to the Claims

26  Administrator.

27          (e)     "Claim Form" or means the form, substantially in the form

28  attached hereto as Exhibit 2 to Exhibit A, that a Claimant or Settlement Class Member

_____

1  must complete and submit should that Claimant or Settlement Class Member seek to
2  share in a distribution of the Net Settlement Fund.

3        (f)    "Claimant" means a person or entity who or which submits a
4  Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds
5  of the Settlement Fund.

6        (g)    "Claims Administrator" means the firm retained by Lead Plaintiff
7  and Lead Counsel, subject to approval of the Court, to provide all notices approved
8  by the Court to potential Settlement Class Members and to administer the Settlement.

9        (h)    "Class Distribution Order" means an order entered by the Court
10 authorizing and directing that the Net Settlement Fund be distributed, in whole or in
11 part, to Authorized Claimants.

12       (i)    "Complaint" means the Amended Class Action Complaint for
13 Violations of the Federal Securities Laws filed by Lead Plaintiff in the Action on
14 September 21, 2018.

15       (j)    "Court" means the United States District Court for the Central
16 District of California.

17       (k)    "Defendants" means PPG Defendants and Mark C. Kelly.

18       (l)    "Defendants' Counsel" means Dechert LLP; Bird, Marella, Boxer,
19 Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.; and Ropes & Gray LLP.

20       (m)    "Defendants' Releasees" means Defendants, their current and
21 former officers, directors, agents, parents, spouses, heirs, executors, representatives,
22 trustees, auditors, affiliates, subsidiaries, successors, predecessors, assigns, assignees,
23 employees, attorneys, insurers, reinsurers, and any person or entity who claims by,
24 through, or on behalf of Defendants in their capacities as such.

25       (n)    "Effective Date" with respect to the Settlement means the first
26 date by which all of the events and conditions specified in ¶ 34 of this Stipulation
27 have been met and have occurred or have been waived.

28

(o)     "Escrow Account" means an account maintained at Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(p)     "Escrow Agent" means Huntington National Bank.

(q)     "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(r)     "Excluded Claims" means (i) any claims relating to the enforcement of the Settlement, and (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

(s)     "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means when the last of the following shall occur: (i) the expiration of the time to file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed; (ii) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (iii) if a motion to alter or amend is filed or if there is an appeal from the judgment or order, (a) the date of final dismissal of all such motions or appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an a motion or appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

1         (t)    "Immediate Family" means children, stepchildren, parents,

2   stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law,

3   daughters-in-law, brothers-in-law, and sisters-in-law.   As used in this paragraph,

4   "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic

5   relationship or civil union.

6         (u)    "Individual Defendants" means Michael H. McGarry, Vincent J.

7   Morales, and Mark C. Kelly.

8         (v)    "Judgment" means the final judgment, substantially in the form

9   attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

10         (w)    "Lead Counsel" means the law firm of Glancy Prongay & Murray

11   LLP.

12         (x)    "Lead Plaintiff" means Joe Cammarata.

13         (y)    "Litigation Expenses" means costs and expenses incurred in

14   connection with commencing, prosecuting, and settling the Action (which may

15   include the costs and expenses of Lead Plaintiff directly related to his representation

16   of the Settlement Class), for which Lead Counsel intends to apply to the Court for

17   reimbursement from the Settlement Fund.

18         (z)    "Net Settlement Fund" means the Settlement Fund less: (i) any

19   Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses

20   awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

21         (aa)    "Notice" means the Notice of (I) Pendency of Class Action,

22   Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness

23   Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of

24   Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit

25   A, which is to be mailed to Settlement Class Members.

26         (bb)    "Notice and Administration Costs" means the costs, fees and

27   expenses that are incurred by the Claims Administrator and/or Lead Counsel in

28   connection with: (i) providing notices to the Settlement Class; and (ii) administering

the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(cc)   "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(dd)   "Parties" means Defendants and Lead Plaintiff, on behalf of himself and the Settlement Class.

(ee)   "Plaintiffs' Releasees" means Lead Plaintiff, and his respective attorneys, and all other Settlement Class Members, and their respective current and former officers, directors, agents, parents, spouses, heirs, executors, representatives, trustees, auditors, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, attorneys, and any person or entity who claims by, through, or on behalf of the Lead Plaintiff or any Settlement Class Member, in their capacities as such.

(ff)   "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(gg)   "PPG" means PPG Industries, Inc.

(hh)   "PPG Defendants" means PPG, Michael H. McGarry, and Vincent J. Morales.

(ii)   "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(jj)   "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(kk)   "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(ll)   "Released Defendants' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations,

1   arguments, and causes of action of every nature and description, whether known

2   claims or Unknown Claims, whether arising under federal, state, local, common,

3   statutory, administrative, or foreign law, or any other law, rule, or regulation, at law

4   or in equity, whether class or individual in nature, whether fixed or contingent,

5   whether accrued or unaccrued, whether liquidated or unliquidated, whether matured

6   or unmatured, that arise out of or relate in any way to the institution, prosecution, or

7   settlement of the claims asserted in the Action against the Defendants.  Released

8   Defendants' Claims do not include any claims relating to the enforcement of the

9   Settlement or any claims against any person or entity who or which submits a request

10  for exclusion from the Settlement Class that is accepted by the Court.

11          (mm) "Released Plaintiffs' Claims" means any and all claims, rights,

12  duties, controversies, obligations, demands, actions, debts, sums of money, suits,

13  contracts, agreements, promises, damages, losses, judgments, liabilities, allegations,

14  arguments, and causes of action of every nature and description, whether known

15  claims or Unknown Claims, whether arising under federal, state, local, common,

16  statutory, administrative, or foreign law, or any other law, rule, or regulation, at law

17  or in equity, whether class or individual in nature, whether fixed or contingent,

18  whether accrued or unaccrued, whether liquidated or unliquidated, whether matured

19  or unmatured, that were: (i) made in the Action; or (ii) could have been asserted in

20  any forum and that arise out of or are based upon the allegations, transactions, facts,

21  matters or occurrences, representations or omissions involved, set forth, or referred to

22  in the Complaint and that relate to the purchase, acquisition, and sale of PPG common

23  stock during the Settlement Class Period.  Released Plaintiffs' Claims do not include:

24  (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any

25  person or entity who or which submits a request for exclusion that is accepted by the

26  Court.

27          (nn)   "Releasee(s)" means each and any of the Defendants' Releasees

28  and each and any of the Plaintiffs' Releasees.

---

STIPULATION AND AGREEMENT OF SETTLEMENT
10

1           (oo)   "Releases" means the releases set forth in ¶¶ 5-7 of this

2    Stipulation.

3           (pp)   "Settlement" means the settlement between Lead Plaintiff and

4    Defendants on the terms and conditions set forth in this Stipulation.

5           (qq)   "Settlement Amount" means $25,000,000 in cash.

6           (rr)   "Settlement Class" means all persons and entities who or which

7    purchased or otherwise acquired PPG common stock between January 19, 2017

8    through May 10, 2018, inclusive, and who were damaged thereby.  Excluded from

9    the Settlement Class are Defendants; members of the Immediate Family of each of

10   the Individual Defendants; the current and former Officers and/or directors of PPG;

11   any person, firm, trust, corporation, Officer, director or other individual or entity in

12   which any Defendant has a controlling interest or which is related to or affiliated with

13   any of the Defendants; and the legal representatives, agents, affiliates, heirs,

14   successors-in-interest or assigns of any such excluded party.  Also excluded from the

15   Settlement Class are any persons and entities who or which exclude themselves by

16   submitting a request for exclusion that is accepted by the Court.

17          (ss)   "Settlement Class Member" means each person and entity who or

18   which is a member of the Settlement Class.

19          (tt)   "Settlement Class Period" means the period between January 19,

20   2017 and May 10, 2018, inclusive.

21          (uu)   "Settlement Fund" means the Settlement Amount plus any and all

22   interest earned thereon.

23          (vv)   "Settlement Hearing" means the hearing set by the Court under

24   Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the

25   Settlement.

26          (ww)  "Summary Notice" means the Summary Notice of (I) Pendency of

27   Class Action, Certification of Settlement Class, and Proposed Settlement; (II)

28   Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and

1   Reimbursement of Litigation Expenses, substantially in the form attached hereto as
2   Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

3        (xx)   "Taxes" means: (i) all federal, state and/or local taxes of any kind
4   (including any interest or penalties thereon) on any income earned by the Settlement
5   Fund; (ii) the expenses and costs incurred by Lead Counsel in connection with
6   determining the amount of, and paying, any taxes owed by the Settlement Fund
7   (including, without limitation, expenses of tax attorneys and accountants); and (iii) all
8   taxes imposed on payments by the Settlement Fund, including withholding taxes.

9        (yy)   "Unknown Claims" means any Released Plaintiffs' Claims which
10   Lead Plaintiff or any other Settlement Class Member does not know or suspect to
11   exist in his, her or its favor at the time of the release of such claims, and any Released
12   Defendants' Claims which any Defendant or any other Defendants' Releasee does not
13   know or suspect to exist in his, her, or its favor at the time of the release of such
14   claims, which, if known by him, her or it, might have affected his, her or its decision(s)
15   with respect to this Settlement.  With respect to any and all Released Claims, the
16   Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead
17   Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class
18   Members shall be deemed to have waived, and by operation of the Judgment or the
19   Alternate Judgment, if applicable, shall have expressly waived, any and all provisions,
20   rights, and benefits conferred by any law of any state or territory of the United States,
21   or principle of common law or foreign law, which is similar, comparable, or
22   equivalent to California Civil Code §1542, which provides:

23       A general release does not extend to claims that the creditor or releasing
24   party does not know or suspect to exist in his or her favor at the time of
     executing the release and that, if known by him or her, would have
25   materially affected his or her settlement with the debtor or released party.

26   Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class
27   Members shall be deemed by operation of law to have acknowledged, that they may
28   hereafter discover facts in addition to or different from those which he, she, it or their

counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly settle and release, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, settled and released any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## CLASS CERTIFICATION

2. Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead Plaintiff as Class Representative for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. The certification of the Settlement Class shall be binding only with respect to the Settlement and only if the Judgment becomes Final. In the event any Party exercises his, her, or its option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 38 below), if the Effective Date does not occur, or if the Judgment does not become Final, Defendants reserve the right to oppose certification of the Action as a class action, certification of Lead Plaintiff as Class Representative, and appointment of Lead Counsel as Class Counsel.

## PRELIMINARY APPROVAL OF SETTLEMENT

3. Promptly upon execution of this Stipulation, Lead Plaintiff will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of final

approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Lead Plaintiff shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

**RELEASE OF CLAIMS**

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

5.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective officers, directors, agents, parents, spouses, heirs, executors, representatives, trustees, affiliates, subsidiaries, administrators, predecessors, successors, assigns, assignees, attorneys, insurers, and any person or entity who claims by, through, or on behalf of the Lead Plaintiff or any Settlement Class Member, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (including Unknown Claims) against the Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.  This release shall not apply to any Excluded Claim.

6.      If the Settlement is approved by the Court and the Effective Date occurs, any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in the Preliminary Approval Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions

of this Stipulation, the Settlement, and all proceedings, determinations, orders, and judgments in the Action relating to the Settlement, whether favorable or unfavorable to the Settlement Class, including but not limited to, the Judgment (or Alternate Judgment), and the release of the Released Plaintiffs' Claims against the Defendants' Releasees provided for therein; and (d) shall be barred and enjoined from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

7.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective officers, directors, agents, parents, spouses, heirs, executors, representatives, trustees, auditors, affiliates, subsidiaries, administrators, predecessors, successors, assigns, assignees, employees, attorneys, insurers, and any person or entity who claims by, through, or on behalf of Defendants, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (including Unknown Claims) against Lead Plaintiff and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This release shall not apply to any Excluded Claim.

8.      Notwithstanding ¶¶ 5-7 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

9.      In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Defendants shall cause to be paid the Settlement Amount into the Escrow Account no later than fifteen (15)

1   business days after the later of: (a) the date of entry by the Court of the Preliminary

2   Approval Order; or (b) Defendants' Counsel's receipt from Lead Counsel of the

3   information necessary to effectuate a transfer of funds to the Escrow Account,

4   including wiring instructions that include the bank name and ABA routing number,

5   account name and number, and a signed W-9 reflecting a valid taxpayer identification

6   number for the qualified settlement fund in which the Settlement Amount is to be

7   deposited.

8        10.    Other than their obligation to cause the deposit of the Settlement Amount

9   into the Escrow Account pursuant to ¶ 9 above, Defendants and the other Defendants'

10  Releasees shall have no obligation to make any payment into the Escrow Account

11  pursuant to this Stipulation, and shall have no responsibility or liability with respect

12  to the Escrow Account or the funds maintained in the Escrow Account, including,

13  without limitation, any responsibility or liability related to any fees, Taxes, investment

14  decisions, maintenance, supervision, allocation, or distribution of any portion of the

15  Settlement Amount.   Notwithstanding any of the foregoing, Defendants shall be

16  responsible for any and all costs associated with disseminating notice of the

17  Settlement required under the Class Action Fairness Act of 2005 as set forth in ¶ 40

18  below.

19  **USE OF SETTLEMENT FUND**

20       11.    The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice

21  and Administration Costs; (c) any Litigation Expenses awarded by the Court; and

22  (d) any attorneys' fees awarded by the Court.   The balance remaining in the

23  Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized

24  Claimants as provided in ¶¶ 20-31 below.

25       12.    Except as provided herein or pursuant to orders of the Court, the Net

26  Settlement Fund shall remain in the Escrow Account prior to the Effective Date.   All

27  funds held by the Escrow Agent shall be deemed to be in the custody of the Court and

28  shall remain subject to the jurisdiction of the Court until such time as the funds shall

1  be distributed or returned pursuant to the terms of this Stipulation and/or further order
2  of the Court.   The Escrow Agent shall invest any funds in the Escrow Account
3  exclusively in United States Treasury Bills (or a mutual fund invested solely in such
4  instruments) and shall collect and reinvest all interest accrued thereon, except that any
5  residual cash balances up to the amount that is insured by the FDIC may be deposited
6  in any account that is fully insured by the FDIC.   In the event that the yield on United
7  States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any
8  portion of the funds held by the Escrow Agent may be deposited in any account that
9  is fully insured by the FDIC or backed by the full faith and credit of the United States.
10 Additionally, if short-term placement of the funds is necessary, all or any portion of
11 the funds held by the Escrow Agent may be deposited in any account that is fully
12 insured by the FDIC or backed by the full faith and credit of the United States.

13         13.     The Parties agree that the Settlement Fund is intended to be a Qualified
14 Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead
15 Counsel, as administrator of the Settlement Fund within the meaning of Treasury
16 Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be
17 filed all informational and other tax returns as may be necessary or appropriate
18 (including, without limitation, the returns described in Treasury Regulation § 1.468B-
19 2(k)) for the Settlement Fund.   Lead Counsel shall also be responsible for causing
20 payment to be made from the Settlement Fund of any Taxes owed with respect to the
21 Settlement Fund.     The Defendants' Releasees shall not have any liability or
22 responsibility for any such Taxes.   Upon written request, Defendants will provide or
23 cause to be provided to Lead Counsel the statement described in Treasury Regulation
24 § 1.468B-3(e).   Lead Counsel, as administrator of the Settlement Fund within the
25 meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections
26 as are necessary or advisable to carry out this paragraph, including, as necessary,
27 making a "relation back election," as described in Treasury Regulation § 1.468B-1(j),
28 to cause the Qualified Settlement Fund to come into existence at the earliest allowable

date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.  All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund, and the Defendants' Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to the investment decisions or other actions of the Escrow Agent, including any transactions executed by the Escrow Agent.

14.    All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

15.    The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

16.    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the

Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

## **ATTORNEYS' FEES AND LITIGATION EXPENSES**

17.    Lead Counsel will apply to the Court for an award of attorneys' fees to Lead Counsel to be paid from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiff's costs and expenses directly related to his representation of the Settlement Class, to be paid from (and out of) the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiff other than what is set forth in this Stipulation.

18.    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Lead Counsel shall make the

1  appropriate refund or repayment in full no later than thirty (30) days after:
2  (a) receiving from Defendants' Counsel notice of the termination of the Settlement;
3  or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation
4  Expenses has become Final.  The procedure for, the allowance or disallowance of,
5  and the amount of any award of attorneys' fees and/or Litigation Expenses are not a
6  necessary term of this Stipulation and are not conditions of the Settlement embodied
7  herein.  Neither Lead Plaintiff nor Lead Counsel may cancel or terminate the
8  Settlement based on this Court's or any appellate court's ruling with respect to
9  attorneys' fees and/or Litigation Expenses, and any appeal from any order awarding
10 attorneys' fees and/or Litigation Expenses or any reversal or modification of any such
11 order shall not affect or delay the finality of the Judgment.

12        19.    Any attorneys' fees and Litigation Expenses that are awarded to Lead
13 Counsel shall be payable solely from the Settlement Fund.  With the sole exception
14 of Defendants' obligation to cause the Settlement Amount to be paid into the Escrow
15 Account pursuant to ¶ 9 above, Defendants' Releasees shall have no responsibility
16 for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or
17 Litigation Expenses to Lead Counsel pursuant to this Stipulation, or for any other
18 attorneys' fees and/or Litigation Expenses incurred by or on behalf of any other
19 Settlement Class Member in connection with this Action or the Settlement.

20              **NOTICE AND SETTLEMENT ADMINISTRATION**

21        20.    As part of the Preliminary Approval Order, Lead Plaintiff shall seek
22 appointment of a Claims Administrator.  The Claims Administrator shall administer
23 the Settlement, including but not limited to the process of receiving, reviewing and
24 approving or denying Claims, under Lead Counsel's supervision and subject to the
25 jurisdiction of the Court.  Other than PPG's obligation to provide its reasonably
26 available shareholder lists of the holders of PPG common stock as provided in ¶ 21
27 below, none of the Defendants, nor any other Defendants' Releasees, shall have any
28 involvement in or any responsibility, authority or liability whatsoever for the selection

of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, any other Settlement Class Members or Lead Counsel in connection with the foregoing.  Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

21.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Claim Form to those members of the Settlement Class as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying and providing notice to the Settlement Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, PPG shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) reasonably available shareholder lists (consisting of names and addresses) of the holders of PPG common stock during the Settlement Class Period.

22.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or such other plan of allocation as the Court approves).

23.    The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Lead

Plaintiff and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

24.     Any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment or the Alternate Judgment, if applicable, to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

25.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

26.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A,

1  supported by such documents as are designated therein, including proof of the
2  Claimant's loss, or such other documents or proof as the Claims Administrator or
3  Lead Counsel, in their discretion, may deem acceptable;

4         (b)    All Claim Forms must be submitted by the date set by the Court
5  in the Preliminary Approval Order and specified in the Notice. Any Settlement Class
6  Member who or which does not timely and validly submit a Claim Form by such date
7  shall be forever barred from receiving any distribution from the Net Settlement Fund
8  or payment pursuant to this Stipulation (unless by Order of the Court such Settlement
9  Class Member's Claim Form is accepted), but shall in all other respects be bound by
10  all of the terms of this Stipulation and the Settlement, including the terms of the
11  Judgment or Alternate Judgment, if applicable, and the Releases provided for herein
12  and therein, and will be permanently barred and enjoined from bringing any action,
13  claim or other proceeding of any kind against any Defendants' Releasees with respect
14  to any Released Plaintiffs' Claim. Provided that it is mailed by the claim-submission
15  deadline, a Claim Form shall be deemed to be submitted when postmarked, if received
16  with a postmark indicated on the envelope and if mailed by first-class mail and
17  addressed in accordance with the instructions thereon. In all other cases, the Claim
18  Form shall be deemed to have been submitted on the date when actually received by
19  the Claims Administrator;

20         (c)    Each Claim Form shall be submitted to and reviewed by the
21  Claims Administrator who shall determine in accordance with this Stipulation and the
22  plan of allocation the extent, if any, to which each Claim shall be allowed, subject to
23  review by the Court pursuant to subparagraph (e) below as necessary;

24         (d)    Claim Forms that do not meet the submission requirements may
25  be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator
26  shall communicate with the Claimant in writing, to give the Claimant the chance to
27  remedy any curable deficiencies in the Claim Form submitted. The Claims
28  Administrator shall notify, in a timely fashion and in writing, all Claimants whose

Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

27.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

28.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

29.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members

whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

30.  No person or entity shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiff and Defendants, and their respective counsel, and Lead Plaintiff's damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

31.  All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

**TERMS OF THE JUDGMENT**

32.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

33.    The Judgment shall contain a bar order ("Bar Order") substantially in the form set forth in Exhibit B, that provides that, upon the Effective Date, any and all claims for contribution or indemnity, however denominated, based upon or arising out of the Released Plaintiffs' Claims (a) by any person or entity against any of the Defendants' Releasees or (b) by any of the Defendants' Releasees against any other person or entity, other than a person or entity whose liability has been extinguished by the Settlement, are permanently barred, extinguished, and discharged to the fullest extent permitted by law; provided, however, the Bar Order shall not (a) release any claims relating to the enforcement of the Settlement or any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; or (b) preclude the Defendants from seeking to enforce any rights of contribution or indemnification that any Defendant may have under any contract, corporate charter, or bylaw, or any right for insurance coverage under any insurance, reinsurance, or indemnity policy.  The Bar Order shall also provide that any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any individual or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Defendants for common damages; or (b) the amount paid by or on behalf of the Defendants to the Settlement Class or Settlement Class Member for common damages.

**CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

34.    The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

---

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 9 above;

(c)     Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 38 below);

(d)     Lead Plaintiff has not exercised his option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

35.     Upon the occurrence of all of the events referenced in ¶ 34 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

36.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiff exercises his right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated (unless otherwise expressly provided herein).

(b)     Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of the date and time immediately prior to the execution of the Term Sheet on May 8, 2019.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 36 and ¶¶ 16, 18, 39 and 63, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 18 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct).   In the event that the funds received by Lead Counsel consistent with ¶ 18 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 18 above.

37.     It is further stipulated and agreed that Lead Plaintiff and PPG shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material

respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court, and the provisions of ¶ 36 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

38.   In addition to the grounds set forth in ¶ 37 above, PPG shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in PPG's confidential supplemental agreement with Lead Plaintiff (the "Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Lead Plaintiff and PPG concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.

## NO ADMISSION OF WRONGDOING

39.   Neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)   shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption,

concession, or admission by any of the Defendants' Releasees with respect to the truth
of any fact alleged by Lead Plaintiff or the validity of any claim that was or could
have been asserted or the deficiency of any defense that has been or could have been
asserted in this Action or in any other litigation, or of any liability, negligence, fault,
or other wrongdoing of any kind of any of the Defendants' Releasees or in any way
referred to for any other reason as against any of the Defendants' Releasees, in any
civil, criminal or administrative action or proceeding, other than such proceedings as
may be necessary to effectuate the provisions of this Stipulation;

(b)   shall be offered against any of the Plaintiffs' Releasees, as
evidence of, or construed as, or deemed to be evidence of any presumption,
concession or admission by any of the Plaintiffs' Releasees that any of their claims
are without merit, that any of the Defendants' Releasees had meritorious defenses, or
that damages recoverable under the Complaint would not have exceeded the
Settlement Amount or with respect to any liability, negligence, fault or wrongdoing
of any kind, or in any way referred to for any other reason as against any of the
Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding,
other than such proceedings as may be necessary to effectuate the provisions of this
Stipulation; or

(c)   shall be construed against any of the Releasees as an admission,
concession, or presumption that the consideration to be given hereunder represents
the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and
the Releasees and their respective counsel may refer to it to effectuate the protections
from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## <u>NOTICE AS REQUIRED BY CAFA</u>

40.   Defendants shall be responsible for timely service of any notices that
might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.
Defendants shall provide a copy of such notices as well as proof of service of such

1   notices to Lead Counsel.  In accordance with 28 U.S.C. § 1715(d), the Settlement

2   Hearing shall not be held earlier than ninety (90) days after any such requisite notices

3   are served.

4                          **MISCELLANEOUS PROVISIONS**

5          41.    All of the exhibits attached hereto are hereby incorporated by reference

6   as though fully set forth herein.  Notwithstanding the foregoing, in the event that there

7   exists a conflict or inconsistency between the terms of this Stipulation and the terms

8   of any exhibit attached hereto, the terms of the Stipulation shall prevail.

9          42.    Each Defendant warrants, as to itself or himself only, that, as to the

10   payments made or to be made by or on its or his behalf, at the time of entering into

11   this Stipulation and at the time of such payment they, or to their knowledge any

12   persons or entities contributing to the payment of the Settlement Amount, were not

13   insolvent, nor will the payment required to be made by or on behalf of them render

14   them insolvent, within the meaning of and/or for the purposes of the United States

15   Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by

16   each of the Defendants and not by their counsel.

17          43.    In the event of the entry of a final order of a court of competent

18   jurisdiction determining the transfer of money to the Settlement Fund or any portion

19   thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent

20   transfer or similar transaction and any portion thereof is required to be returned, and

21   such amount is not promptly deposited into the Settlement Fund by others, then, at

22   the election of Lead Plaintiff, Lead Plaintiff and Defendants shall jointly move the

23   Court to vacate and set aside the Releases given and the Judgment or Alternate

24   Judgment, if applicable, entered in favor of Defendants and the other Releasees

25   pursuant to this Stipulation, in which event the releases and Judgment, or Alternate

26   Judgment, if applicable, shall be null and void, and the Parties shall be restored to

27   their respective positions in the litigation as provided in ¶ 36 above and any cash

28   amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to

1  the Settlement Fund and less any Notice and Administration Costs actually incurred,
2  paid or payable) shall be returned as provided in ¶ 36.

3      44.    The Parties intend this Stipulation and the Settlement to be a final and
4  complete resolution of all disputes asserted or which could be asserted by Lead
5  Plaintiff and any other Settlement Class Members against the Defendants' Releasees
6  with respect to the Released Plaintiffs' Claims.  Accordingly, Lead Plaintiff and his
7  counsel and Defendants and their counsel agree not to assert in any forum, including
8  without limitation in any statement made to any media representative (whether or not
9  for attribution), that this Action was brought by Lead Plaintiff or defended by
10  Defendants in bad faith or without a reasonable basis.  No Party shall assert any claims
11  of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the
12  institution, prosecution, defense, or settlement of this Action.  The Parties agree that
13  the amounts paid and the other terms of the Settlement were negotiated at arm's-
14  length and in good faith by the Parties, including through a mediation process
15  supervised and conducted by Judge Phillips, and reflect the Settlement that was
16  reached voluntarily after extensive negotiations and consultation with experienced
17  legal counsel, who were fully competent to assess the strengths and weaknesses of
18  their respective clients' claims or defenses.

19      45.    The Parties shall make no public extra-judicial statement regarding
20  Settlement, except as required by law.

21      46.    While retaining their right to deny that the claims asserted in the Action
22  were meritorious, Defendants and their counsel will not assert that the Action was
23  commenced or prosecuted in bad faith, nor will they deny that the Action was
24  commenced and prosecuted in good faith and is being settled voluntarily after
25  consultation with competent legal counsel.  In all events, Lead Plaintiff and his
26  counsel and Defendants and their counsel shall not make any accusations of wrongful
27  or actionable conduct by either Party concerning the prosecution, defense, and

28

1  resolution of the Action, and shall not otherwise suggest that the Settlement
2  constitutes an admission of any claim or defense alleged.

3       47.    The terms of the Settlement, as reflected in this Stipulation, may not be
4  modified or amended, nor may any of its provisions be waived except by a writing
5  signed on behalf of both Lead Plaintiff and Defendants (or their successors-in-
6  interest).

7       48.    The headings herein are used for the purpose of convenience only and
8  are not meant to have legal effect.

9       49.    Pending approval of the Court of this Stipulation and its exhibits, all
10 proceedings in this Action shall be stayed and all members of the Settlement Class
11 shall be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims
12 against any of the Defendants' Releasees.

13      50.    The administration and consummation of the Settlement as embodied in
14 this Stipulation shall be under the authority of the Court, and the Court shall retain
15 jurisdiction for the purpose of entering orders providing for awards of attorneys' fees
16 and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation,
17 including the Plan of Allocation (or such other plan of allocation as may be approved
18 by the Court) and the distribution of the Net Settlement Fund to Settlement Class
19 Members.

20      51.    The waiver by one Party of any breach of this Stipulation by any other
21 Party shall not be deemed a waiver of any other prior or subsequent breach of this
22 Stipulation.

23      52.    This Stipulation and its exhibits and the Supplemental Agreement
24 constitute the entire agreement among Lead Plaintiff and Defendants concerning the
25 Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other
26 agreements, representations, warranties, or inducements have been made by any Party
27 hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other
28 than those contained and memorialized in such documents.

53.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

54.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

55.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

56.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

57.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

58.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

59.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree

1  upon and execute all such other documentation as may be reasonably required to
2  obtain final approval by the Court of the Settlement.

3       60.    The Parties reserve the right, subject to the Court's approval, to make
4  any reasonable extensions of time that might be necessary to carry out any of the
5  provisions of this Stipulation.

6       61.    If any Party is required to give notice to another Party under this
7  Stipulation, such notice shall be in writing and shall be deemed to have been duly
8  given upon receipt of hand delivery or facsimile or email transmission, with
9  confirmation of receipt.  Notice shall be provided as follows:

| | |
|---|---|
| If to Lead Plaintiff or Lead Counsel: | Glancy Prongay & Murray LLP<br>Attn:  Lionel Z. Glancy, Esq.<br>1925 Century Park East<br>Suite 2100<br>Los Angeles, California 90067<br>Telephone:  (310) 201-9150<br>Facsimile:  (310) 201-9160<br>Email:  lglancy@glancylaw.com |
| If to Defendants: | Dechert LLP<br>Attn:  Michael L. Kichline, Esq.<br>2929 Arch Street<br>Philadelphia, Pennsylvania 19104<br>Telephone: (215) 994-2436<br>Facsimile:  (215) 655-2436<br>Email:  michael.kichline@dechert.com<br><br>-and-<br><br>Ropes & Gray LLP<br>Attn:  Anne Johnson Palmer<br>Three Embarcadero Center<br>Suite 300<br>San Francisco, California 94111<br>Telephone:  (415) 315-6300<br>Fax:  (415) 315-6350<br>Email: Anne.JohnsonPalmer@ropesgray.com |

     62.    Except as otherwise provided herein, each Party shall bear its own costs.

63.   Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

64.   All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

65.   No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.   Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of June 1, 2019.

DATED: June 1, 2019

**GLANCY PRONGAY & MURRAY LLP**

By: *Lionel Z. Glancy*

Lionel Z. Glancy
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160

***Lead Counsel for Lead Plaintiff
and the Putative Class***

1    DATED: June 1, 2019

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECHERT LLP**

By: _Michael L. Kichline_

Michael L. Kichline
2929 Arch Street
Philadelphia, Pennsylvania 19104
Telephone: (215) 994-2436
Facsimile: (215) 655-2436

***Counsel for PPG Defendants***

**ROPES & GRAY LLP**

By: _____

Anne Johnson Palmer
Three Embarcadero Center, Suite 300
San Francisco, California 94111
Telephone: (415) 315-6300
Fax: (415) 315-6350

***Counsel for Mark C. Kelly***

---

STIPULATION AND AGREEMENT OF SETTLEMENT

37

# EXHIBIT A

**Exhibit A**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR MILD, Individually and on Behalf of All Others Similarly Situated,<br><br>                             Plaintiff,<br><br>                    v.<br><br>PPG INDUSTRIES, INC., MICHAEL H. MCGARRY, VINCENT J. MORALES, and MARK C. KELLY,<br><br>                             Defendants. | Case No.: 2:18-cv-04231-RGK-JEM<br><br>Honorable R. Gary Klausner |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending in this Court entitled *Mild v. PPG Industries, Inc.et al.*, Case No.: 2:18-cv-04231 (the "Action");

WHEREAS, (a) Lead Plaintiff Joe Cammarata, on behalf of himself and the Settlement Class (defined below), and (b) defendant PPG Industries, Inc. ("PPG"), Michael H. McGarry, and Vincent J. Morales (collectively, with PPG, the "PPG Defendants"); and (c) defendant Mark C. Kelly (collectively, with the PPG Defendants, the "Defendants"; together with Lead Plaintiff, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated June 1, 2019 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for

purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, Defendants do not oppose Lead Plaintiff's application;

WHEREAS, the Court has reviewed and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including the Settlement Class Members.

2. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court conditionally certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who or which purchased or otherwise acquired PPG common stock between January 19, 2017 through May 10, 2018, inclusive (the "Settlement Class Period") and who were damaged thereby. Excluded from the Settlement Class are Defendants; members of the Immediate Family of each of the Individual Defendants; the current or former Officers and/or directors of PPG; any person, firm, trust, corporation, Officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

3. Solely for purposes of the proposed Settlement of this Action, the Court preliminarily finds that each element required for certification of the Settlement

Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.    The Court conditionally certifies Lead Plaintiff Joe Cammarata as Class Representative for the Settlement Class, and also conditionally appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  These conditional appointments are solely for purposes of effectuating the Settlement.

5.    The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.  If the Stipulation is terminated or is not consummated for any reason, the foregoing conditional certification of the Class shall be void and of no further effect and the Parties to the Stipulation shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the Parties to the Stipulation might have asserted in the Action.

6.    The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2019 at __:__ _.m. at the United States District Court for the Central District of California, United States Courthouse, Roybal Federal Building, in Courtroom 850, 8th Floor, 255 East Temple Street, Los Angeles, CA 90012, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine

whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 8 of this Order.

7.     The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.  The Court further reserves the right to enter the Judgment approving the Settlement and dismissing the Complaint on the merits and with prejudice as against Defendants regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

8.     Lead Counsel is hereby authorized to retain JND Legal Administration (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)     within ten (10) business days of the date of entry of this Order, PPG shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) reasonably available information from its shareholder transfer records or transfer agent concerning the identities and addresses of holders of PPG common stock during the Settlement Class Period;

4

(b)     not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by PPG or in the records which PPG caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)     not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

9.     The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 8 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the binding effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the

Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

10.     Brokers and other nominees who purchased or otherwise acquired shares of PPG common stock during the Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners.    Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed $0.20 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet mailed; or $0.10 per name, and address provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.    Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the

reasonableness or documentation of expenses incurred subject to review by the Court.

11.     Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

12.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be

deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) shall be forever barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14. Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Mild v. PPG Industries, Inc. et al.*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91316, Seattle, WA 98111-9416, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Mild v. PPG Industries, Inc.et al.*, Case No.: 2:18-cv-04231"; (iii) state the number of shares of PPG common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall

not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

15.     Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

16.     Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) shall be forever barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

17.     Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

18.     Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| <u>**Lead Counsel**</u> | <u>**Defendants' Counsel**</u> |
|---|---|
| Glancy Prongay & Murray LLP<br>Leanne H. Solish, Esq.<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067 | Dechert LLP<br>Andrew J. Levander, Esq.<br>Michael L. Kichline, Esq.<br>2929 Arch Street<br>Philadelphia, PA 19104<br><br>-AND-<br><br>Ropes & Gray LLP<br>Anne Johnson Palmer<br>Three Embarcadero Center<br>Suite 300<br>San Francisco, CA 94111 |

19.     Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must state whether the objector is represented by counsel and, if so, the name, address, and

telephone number of the objector's counsel; (c) must contain a statement of the Settlement Class Member's objection or objections, whether the objection or objections apply only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (d) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of PPG common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale.  Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20.    Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

21.    Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and

conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

22.     All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

23.     The contents of the Settlement Fund held by Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24.     Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25.     If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of the date and time immediately prior to the execution of the Term Sheet on May 8, 2019, as provided in the Stipulation.

26.     Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained

therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):   (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and

1  their respective counsel may refer to it to effectuate the protections from liability

2  granted thereunder or otherwise to enforce the terms of the Settlement.

3       27.    Lead Counsel shall file and serve the opening papers in support of the

4  proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an

5  award of attorneys' fees and reimbursement of Litigation Expenses no later than

6  thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if

7  any, shall be filed and served no later than seven (7) calendar days prior to the

8  Settlement Hearing.

9       28.    The Court retains jurisdiction to consider all further applications arising

10 out of or connected with the proposed Settlement.

11 SO ORDERED this _____ day of _____, 2019.

12

13

14                              _____

                                        The Honorable R. Gary Klausner
15                                      United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A-1

**Exhibit A-1**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| TREVOR MILD, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>PPG INDUSTRIES, INC., MICHAEL H. MCGARRY, VINCENT J. MORALES, and MARK C. KELLY,<br><br>　　　　　　　Defendants. | Case No.: 2:18-cv-04231-RGK-JEM<br><br>Honorable R. Gary Klausner |

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

### _A Federal Court authorized this Notice.  This is not a solicitation from a lawyer._

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Central District of California (the "Court"), if, during the period between January 19, 2017 and May 10, 2018, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired shares of PPG Industries, Inc. ("PPG" or the "Company") common stock and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiff, Joe Cammarata ("Lead Plaintiff"), on behalf of himself and the

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated June 1, 2019 (the "Stipulation"), which is available at www.ppgindustriessecuritieslitigation.com.

Settlement Class (as defined in ¶ 23 below), have reached a proposed settlement of the Action for $25,000,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.   This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact PPG, any other Defendants in the Action, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 83 below).**

1. **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants PPG Industries, Inc. ("PPG"), Michael H. McGarry ("McGarry") and Vincent J. Morales ("Morales") (collectively, with PPG, the "PPG Defendants"), and Mark C. Kelly ("Kelly") (collectively, with the PPG Defendants, the "Defendants"; and together with Lead Plaintiff, the "Parties") violated the federal securities laws by making false and misleading statements regarding PPG.  A more detailed description of the Action is set forth in paragraphs 11-22 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 23 below.

2. **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Lead Plaintiff, on behalf of himself and the Settlement Class, has agreed to settle the Action in exchange for a settlement payment of $25,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 15-22 below.

3. **Estimate of Average Amount of Recovery Per Share:**  Based on Lead Plaintiff's damages expert's estimate of the number of shares of PPG common stock purchased during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per

2

eligible security is $0.338. Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, the number of shares of PPG common stock Settlement Class Members purchased/acquired and sold during the Settlement Class Period and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 15-22 below) or such other plan of allocation as may be ordered by the Court.

4.  **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.  **Attorneys' Fees and Expenses Sought:** Lead Counsel, which has been prosecuting the Action on a wholly contingent basis since filing the motion for appointment of Joe Cammarata as Lead Plaintiff and approval as Lead Counsel in July 2018, has not received any payment of attorneys' fees for their representation of the Settlement Class and has advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Glancy Prongay & Murray LLP, will apply to the Court for an award of attorneys' fees in an amount not to exceed 27% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution ,and resolution of the claims against the Defendants, in an amount not to exceed $735,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to his representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The estimate of the average cost per affected share of PPG common stock, if the Court approves Lead Counsel's fee and expense application, is $0.10 per eligible share.

6.  **Identification of Attorneys' Representatives:** Lead Plaintiff and the Settlement Class are represented by Leanne H. Solish, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (888) 773-9224, settlements@glancylaw.com.

7.  **Reasons for the Settlement:** Lead Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement

Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2019.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 32 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 33 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2019.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other current or future lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2019.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |

| | |
|---|---|
| **GO TO A HEARING ON _____, 2019 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2019.** | Filing a written objection and notice of intention to appear by _____, 2019 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement (including the Released Plaintiffs' Claims) and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice?                                             Page 6
What Is This Case About?                                               Page 6
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Settlement Class?                            Page 8
What Are Lead Plaintiff's Reasons For The Settlement?                  Page 9
What Might Happen If There Were No Settlement?                         Page 10
How Are Settlement Class Members Affected By The Action
   And The Settlement?                                                 Page 10
How Do I Participate In The Settlement?  What Do I Need To Do?         Page 13
How Much Will My Payment Be?                                           Page 14
What Payment Are The Attorneys For The Settlement Class Seeking?
   How Will The Lawyers Be Paid?                                       Page 22
What If I Do Not Want To Be A Member Of The Settlement Class?
   How Do I Exclude Myself?                                            Page 23

When And Where Will The Court Decide Whether To Approve The
   Settlement? Do I Have To Come To The Hearing?  May I Speak
   At The Hearing If I Don't Like The Settlement?                          Page 24
What If I Bought Shares On Someone Else's Behalf?                     Page 26
Can I See The Court File?
   Whom Should I Contact If I Have Questions?                          Page 27

| WHY DID I GET THIS NOTICE? |
| --- |

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired one or more shares of PPG common stock during the Settlement Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.   If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").   *See* paragraph 74 below for details about the Settlement Hearing, including the date and location of the hearing.

10.   The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
| --- |

11. PPG is a Fortune 500 company headquartered in Pittsburgh, Pennsylvania, and is a global supplier of paints, coatings, and specialty materials.

12. The Action was filed on May 20, 2018, in the United States District Court for the Central District of California, styled *Mild v. PPG Industries, Inc.et al.*, Case No.: 2:18-cv-04231.

13. By Order dated August 27, 2018, the Court appointed Joe Cammarata Lead Plaintiff in the Action; and approved Lead Plaintiff's selection of Glancy Prongay & Murray LLP as Lead Counsel for the putative class.

14. On September 21, 2018, Lead Plaintiff filed and served his Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting claims against: (a) defendants PPG and Kelly under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder; and (b) defendants McGarry, Morales, and Kelly under Section 20(a) of the Exchange Act.  Among other things, the Complaint alleges that violations of PPG's accounting policies and procedures  caused material misstatements in PPG's financial reporting.  The Complaint further alleged that the price of PPG's common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

15. On October 5, 2018, the PPG Defendants and Defendant Kelly each filed a motion to dismiss the Complaint.  On October 22, 2018, Lead Plaintiff filed his papers in opposition and, on November 5, 2018, the PPG Defendants and Defendant Kelly filed reply papers.  On December 21, 2018, the Court entered its Order denying Defendants' motions to dismiss the Complaint.

16. On January 4, 2019, the PPG Defendants and Defendant Kelly each filed answers to the Complaint.

17. With the automatic stay of discovery imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA") having been lifted following the denial of the motions to dismiss, the Parties exchanged initial disclosures on January 25, 2019, and commenced fact discovery.

18. On March 8, 2019, Lead Plaintiff filed his motion for class certification, together with the expert report of Dr. David Tabak of NERA Economic Consulting regarding market efficiency.  Defendants opposed class certification, and the motion for class certification was fully briefed on April 8, 2019.

19. On April 22, 2019, Lead Counsel and Defendants' Counsel met with former United States District Court Judge Layn R. Phillips, a highly experienced, neutral mediator, who presided over a full-day mediation session between the Parties in New York. In advance of the mediation session, the Parties each submitted and exchanged detailed mediation statements and exhibits, that addressed, among other things, issues related to liability and damages. The session ended without an agreement to settle. However, Judge Phillips informed the parties that he would be making a mediator's proposal. Shortly thereafter, Judge Phillips presented a mediator's recommendation that the Action be settled for $25,000,000, and undertook to conduct further discussions with the Parties. The Parties thereafter accepted the mediator's proposal and agreed to settle the Action for $25,000,000.

20. Based on the investigation, prosecution, and mediation of the case, and the review of hundreds of thousands of pages of documents produced by Defendants, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiff and other Settlement Class Members, and in their best interests. Based on Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of his counsel, Lead Plaintiff has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Lead Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

21. Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of the Defendants denies any liability or wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees (defined in ¶ 33 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

22. On _____, 2019, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

23. If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> all persons and entities who or which purchased or otherwise acquired PPG common stock between January 19, 2017 and May 10, 2018, inclusive (the "Settlement Class Period") and who were damaged thereby.

Excluded from the Settlement Class are Defendants; members of the Immediate Family of each of the Individual Defendants; the current and former Officers and/or directors of PPG; any person, firm, trust, corporation, Officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page 23 below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2019.**

## WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

24.    While Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants in the Action have merit, they recognize the expense and length of continued proceedings necessary to pursue their claims against Defendants through motions, trial, and appeals, as well as the very substantial hurdles they would have to overcome to establish liability and damages.  Lead Plaintiff and

Lead Counsel recognize that Defendants have numerous potential defenses that could preclude recovery.  For example, Defendants would have, and have, asserted that the statements by Defendants that Lead Plaintiff challenges were not materially false and misleading, and that, even if they were, the statements were not made with the state of mind required to support the claims alleged.  Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statements would be hotly contested. Lead Plaintiff would have to prevail at several stages, including class certification, summary judgment, trial, and appeal. There was a very significant risk that, absent the Settlement, Lead Plaintiff and the Settlement Class would recover nothing at all in the Action.

25.  In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.  Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $25,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after summary judgment, trial and appeals, possibly years in the future.

26.  Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

27. If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of his claims against Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED
## BY THE ACTION AND THE SETTLEMENT?

28.  As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

29.  If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," below.

30.  If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

31.  If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective current and former officers, directors, agents, parents, spouses, heirs, executors, representatives, trustees, auditors, affiliates, subsidiaries, administrators, predecessors, successors, assigns, assignees, employees, attorneys, and any person or entity who claims by, through, or on behalf of the Lead Plaintiff or any Settlement Class Member in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 32 below) (including Unknown Claims, as defined below) against the Defendants and the other Defendants' Releasees (as defined in ¶ 33 below), whether or not such Settlement Class Member executes and delivers the Claim Form or shares in the Net Settlement Fund, and shall forever be barred and enjoined from prosecuting

any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

32. "Released Plaintiffs' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments,  and causes of action of every nature and description, whether known claims or Unknown Claims (as defined below), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that were: (i) made in the Action; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase, acquisition, and sale of PPG common stock during the Settlement Class Period.  Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

33. "Defendants' Releasees" means Defendants and their current and former officers, directors, agents, parents, spouses, heirs, executors, representatives, trustees, auditors, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, attorneys, insurers, reinsurers, and any person or entity who claims by, through, or on behalf of Defendants in their capacities as such.

34. "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that they may hereafter discover facts in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly settle and release, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, settled and released any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

35.  The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective officers, directors, agents, parents, spouses, heirs, executors, representatives, trustees, auditors, affiliates, subsidiaries, administrators, predecessors, successors, assigns, assignees, employees, attorneys, insurers, and any person or entity who claims by, through, or on behalf of Defendants in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶ 36 below) (including Unknown Claims) against Lead Plaintiff and the other Plaintiffs' Releasees (as defined in ¶ 37 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims (including Unknown Claims) against any of the Plaintiffs' Releasees.

36.  "Released Defendants' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule, or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated,

whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

37.  "Plaintiffs' Releasees" means Lead Plaintiff and his respective attorneys, and all other Settlement Class Members, and their respective current and former officers, directors, agents, parents, spouses, heirs, executors, representatives, trustees, auditors, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, attorneys, and any person or entity who claims by, through, or on behalf of the Lead Plaintiff or any Settlement Class Member, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

38.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 2019**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.ppgindustriessecuritieslitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-833-759-2985.  Please retain all records of your ownership of and transactions in PPG common stock, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

39.  At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

40.  Pursuant to the Settlement, Defendants have agreed to cause to be paid twenty-five million dollars ($25,000,000) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with

14

determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

41.   The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

42.   Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

43.   Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

44.   Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____, 2019 shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 32 above) against the Defendants' Releasees (as defined in ¶ 33 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

45.   Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in PPG common stock held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases or acquisitions of shares of PPG common stock during the Settlement Class Period may be made by the plan's trustees.  To the extent any of

the Defendants or any of the other persons or entities excluded from the Settlement
Class are participants in the ERISA Plan, such persons or entities shall not receive,
either directly or indirectly, any portion of the recovery that may be obtained from
the Settlement by the ERISA Plan.

46.  The Court has reserved jurisdiction to allow, disallow, or adjust on equitable
grounds the Claim of any Settlement Class Member.

47.  Each Claimant shall be deemed to have submitted to the jurisdiction of the
Court with respect to his, her or its Claim Form.

48.  Only Settlement Class Members, *i.e.*, persons and entities who purchased or
otherwise acquired shares of PPG common stock during the Settlement Class
Period and were damaged as a result of such purchases or acquisitions, will be
eligible to share in the distribution of the Net Settlement Fund.  Persons and
entities that are excluded from the Settlement Class by definition or that exclude
themselves from the Settlement Class pursuant to request will not be eligible to
receive a distribution from the Net Settlement Fund and should not submit Claim
Forms.  The only securities that are included in the Settlement are PPG common
stock.

## PROPOSED PLAN OF ALLOCATION

49.  The objective of the Plan of Allocation is to equitably distribute the
Settlement proceeds to those Settlement Class Members who suffered economic
losses as a proximate result of the alleged wrongdoing, as opposed to losses caused
by market- or industry-wide factors, or company-specific factors unrelated to the
alleged misrepresentations.   The Claims Administrator shall determine each
Authorized Claimant's share of the Net Settlement Fund based upon the
recognized loss formula (the "Recognized Loss") described below.

50.   A Recognized Loss will be calculated for each share of PPG stock purchased
or otherwise acquired during the Settlement Class Period.  The calculation of
Recognized Loss will depend upon several factors, including when shares of PPG
stock were purchased or otherwise acquired during the Settlement Class Period,
and in what amounts, and whether those shares were sold, and if sold, when they
were sold, and for what amounts.  The Recognized Loss is not intended to estimate
the amount a Settlement Class Member might have been able to recover after a
trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant
to the Settlement.  The computations under the Plan of Allocation are only a
method to weigh the claims of Authorized Claimants against one another for the
purposes of making *pro rata* allocations of the Net Settlement Fund.

51.   The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the price of PPG stock was artificially inflated throughout the Settlement Class Period.  The estimated alleged artificial inflation in the price of PPG stock during the Settlement Class Period is reflected in Table 1 below.  The computation of the estimated alleged artificial inflation in the price of PPG stock during the Settlement Class Period is based on certain misrepresentations alleged by Plaintiff and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiff.

52.   The U.S. federal securities laws allow investors to recover for losses caused by disclosures which corrected the defendants' previous misleading statements or omissions.  Thus, in order to have been damaged by the alleged violations of the federal securities laws, PPG stock purchased or otherwise acquired during the Settlement Class Period must have been held during a period of time in which its price declined due to the disclosure of information which corrected an allegedly misleading statement or omission.   Lead Plaintiff and Lead Counsel have determined that such price declines occurred on April 19, 2018 and May 11, 2018 (the "Corrective Disclosure Dates").   Accordingly, if a share of PPG stock was sold before April 19, 2018 (the earliest Corrective Disclosure Date), the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws.  Likewise, if a share of PPG stock was purchased on or after April 19, 2018 and subsequently sold before May 11, 2018, the Recognized Loss for that share is $0.00.

| Table 1 Alleged Artificial Inflation in PPG Stock[2] | | |
|---|---|---|
| **From** | **To** | **Alleged Per-Share Price Inflation** |
| January 19, 2017 | April 18, 2018 | $8.26 |
| April 19, 2018 | May 10, 2018 | $5.73 |
| May 11, 2018 | Thereafter | $0 |

---

[2] Any transactions in PPG stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

53.    The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for PPG stock.    The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on PPG stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period.  The Recognized Loss on PPG stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

54.    In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.  If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

55.    For each share of PPG stock purchased or otherwise acquired during the Settlement Class Period (*i.e.*, January 19, 2017 through May 10, 2018, inclusive), the Recognized Loss per share shall be calculated as follows:

   i.    For each share of PPG stock purchased during the Settlement Class Period that was subsequently sold prior to April 19, 2018, the Recognized Loss per share is $0.

   ii.    For each share of PPG stock purchased during the Settlement Class Period that was subsequently sold during the period April 19, 2018 through May 10, 2018, the Recognized Loss per share is the amount of alleged per-share price inflation on the date of purchase as appears in Table 1 above minus the amount of alleged per-share price inflation on the date of sale as appears in Table 1.

   iii.    For each share of PPG stock purchased during the Settlement Class Period that was subsequently sold during the period May 11, 2018 through August 8, 2018, inclusive (i.e., the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

      a.    the amount of alleged per-share price inflation on the date of purchase as appears in Table 1 above; or

    b. the purchase price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

   iv.  For each share of PPG stock purchased during the Settlement Class Period and still held as of the close of trading on August 8, 2018, the Recognized Loss per share is *the lesser of*:

        a. the amount of alleged per-share price inflation on the date of purchase as appears in Table 1 above; or

        b. the purchase price *minus* the average closing price for PPG stock during the 90-Day Lookback Period, which is $104.89.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 5/11/2018 | $100.43 | 6/12/2018 | $102.94 | 7/12/2018 | $103.57 |
| 5/14/2018 | $101.70 | 6/13/2018 | $102.96 | 7/13/2018 | $103.58 |
| 5/15/2018 | $102.14 | 6/14/2018 | $103.00 | 7/16/2018 | $103.56 |
| 5/16/2018 | $102.48 | 6/15/2018 | $103.09 | 7/17/2018 | $103.60 |
| 5/17/2018 | $102.87 | 6/18/2018 | $103.17 | 7/18/2018 | $103.66 |
| 5/18/2018 | $103.22 | 6/19/2018 | $103.20 | 7/19/2018 | $103.72 |
| 5/21/2018 | $103.47 | 6/20/2018 | $103.27 | 7/20/2018 | $103.75 |
| 5/22/2018 | $103.40 | 6/21/2018 | $103.31 | 7/23/2018 | $103.76 |
| 5/23/2018 | $103.32 | 6/22/2018 | $103.38 | 7/24/2018 | $103.80 |
| 5/24/2018 | $103.24 | 6/25/2018 | $103.43 | 7/25/2018 | $103.91 |
| 5/25/2018 | $103.25 | 6/26/2018 | $103.51 | 7/26/2018 | $104.04 |
| 5/29/2018 | $103.07 | 6/27/2018 | $103.56 | 7/27/2018 | $104.14 |
| 5/30/2018 | $102.94 | 6/28/2018 | $103.62 | 7/30/2018 | $104.24 |
| 5/31/2018 | $102.80 | 6/29/2018 | $103.62 | 7/31/2018 | $104.35 |
| 6/1/2018 | $102.74 | 7/2/2018 | $103.60 | 8/1/2018 | $104.45 |
| 6/4/2018 | $102.73 | 7/3/2018 | $103.56 | 8/2/2018 | $104.53 |
| 6/5/2018 | $102.71 | 7/5/2018 | $103.54 | 8/3/2018 | $104.64 |
| 6/6/2018 | $102.78 | 7/6/2018 | $103.52 | 8/6/2018 | $104.74 |
| 6/7/2018 | $102.80 | 7/9/2018 | $103.53 | 8/7/2018 | $104.82 |
| 6/8/2018 | $102.86 | 7/10/2018 | $103.56 | 8/8/2018 | $104.89 |
| 6/11/2018 | $102.91 | 7/11/2018 | $103.57 | | |

## ADDITIONAL PROVISIONS

56.     The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 59 below) is $10.00 or greater.

57.     If a Settlement Class Member has more than one purchase/acquisition or sale of shares of PPG common stock, all purchases/acquisitions and sales of the like security shall be matched on a First In, First Out ("FIFO") basis.  Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

58.     A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts for all of the shares of PPG common stock.

59.     The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

60.     Purchases or acquisitions and sales of shares of PPG common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of shares of PPG common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of shares of PPG common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of any PPG common stock unless (i) the donor or decedent purchased or otherwise acquired such shares of PPG common stock during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of PPG common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

61.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of PPG common stock.  The date of a "short sale" is deemed to be the date of sale of PPG common stock.  Under the Plan of Allocation, however, the

Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in shares of PPG common stock, the earliest Settlement Class Period purchases or acquisitions of that security shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

62.   Option contracts are not securities eligible to participate in the Settlement. With respect to shares of PPG common stock purchased or sold through the exercise of an option, the purchase/sale date of shares of PPG common stock is the exercise date of the option and the purchase/sale price of shares of PPG common stock is the exercise price of the option.

63.   To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in PPG common stock during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero. Such Claimants shall in any event be bound by the Settlement. To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in PPG common stock during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

64.   For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in PPG common stock during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[3] and (ii) the sum of the Total Sales Proceeds[4] and Total Holding Value.[5] This difference shall be

---

[3] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all shares of PPG common stock purchased or acquired during the Settlement Class Period.

[4] The Claims Administrator shall match any sales of PPG common stock during the Settlement Class Period, first against the Claimant's opening position in the like security (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of PPG common stock sold during the Settlement Class Period shall be the "Total Sales Proceeds".

[5] The Claims Administrator shall ascribe a holding value to shares of PPG common stock purchased or acquired during the Settlement Class Period and still held as of the close of trading on May 10, 2018. The total calculated holding values for all PPG common stock shall be the Claimant's "Total Holding Value".

deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in PPG common stock during the Settlement Class Period.

65.   After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

66.   Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiff, Lead Counsel, Lead Plaintiff's damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Lead Plaintiff, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

67.   The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of

Allocation without further notice to the Settlement Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.ppgindustriessecuritieslitigation.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?
## HOW WILL THE LAWYERS BE PAID?

68.  Lead Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Lead Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 27% of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $735,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to his representation of the Settlement Class.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?
## HOW DO I EXCLUDE MYSELF?

69.  Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Mild v. PPG Industries, Inc. et al.*, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91316, Seattle, WA 98111-9416.  The exclusion request must be ***received*** no later than _____, 2019.  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Mild v. PPG Industries, Inc. et al.*, Case No.: 2:18-cv-04231"; (c) identify and state the number of shares of PPG common stock that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between January 19, 2017 and

May 10, 2018, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

70.  If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claims against any of the Defendants' Releasees.

71.  If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

72.  Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Defendants.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

73.  **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.   You can participate in the Settlement without attending the Settlement Hearing**.

74.  The Settlement Hearing will be held on _____, 2019 at __:__ _.m., before the Honorable R. Gary Klausner at the United States District Court for the Central District of California, United States Courthouse, Roybal Federal Building, Courtroom 850, 8th Floor, 255 East Temple Street, Los Angeles, California 90012. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

75.  Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing.  You must file any written objection, together with

copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Central District of California at the address set forth below on or before _____, 2019.  You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before _____, 2019**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court   Central District of California   Clerk of the Court Roybal Federal Building United States Courthouse 255 East Temple Street Los Angeles, CA 90012 | Glancy Prongay & Murray LLP Leanne H. Solish, Esq. 1925 Century Park East,  Suite 2100 Los Angeles, CA 90067 | Dechert LLP Andrew J. Levander, Esq. Michael L. Kichline, Esq. 2929 Arch Street Philadelphia, PA 19104  -AND-  Ropes & Gray LLP Anne Johnson Palmer Three Embarcadero Center    Suite 300 San Francisco, CA 94111 |

76.  Any objection (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector or an authorized representative; (b) must state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (c) must contain a statement of the Settlement Class Member's objection or objections, whether the objection or objections apply only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (d) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of PPG common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between January 19, 2017 and May 10, 2018, inclusive), as well as the dates and

prices of each such purchase/acquisition and sale. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

77. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

78. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received* **on or before** _____, **2019**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

79. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 75 above so that the notice is *received* **on or** _____, **2019**.

80. The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

81. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation**

Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

82. If you purchased or otherwise acquired shares of PPG common stock between January 19, 2017 and May 10, 2018, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *Mild v. PPG Industries, Inc.et al.*, c/o JND Legal Administration, P.O. Box 91316, Seattle, WA 98111-9416.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed $0.20 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet mailed; or $0.10 per name, and address provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.ppgindustriessecuritieslitigation.com, or by calling the Claims Administrator toll-free at 1-833-759-2985.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

83. This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Central District of California, United States Courthouse, Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.ppgindustriessecuritieslitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| | | |
|---|---|---|
| *Mild v. PPG Industries, Inc.et al.* | and/or | Leanne H. Solish, Esq. |
| c/o JND Legal Administration | | GLANCY PRONGAY & MURRAY LLP |
| P.O. Box 91316 | | 1925 Century Park East, Suite 2100 |
| Seattle, WA 98111-9416 | | Los Angeles, CA 90067 |
| (833) 759-2985 | | (888) 773-9224 |
| www.ppgindustriessecuritieslitigation.com | | settlements@glancylaw.com |
| info@ppgindustriessecuritieslitigation.com | | |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2019

By Order of the Court
United States District Court
Central District of California

EXHIBIT A-2

**Exhibit A-2**

*Mild v. PPG Industries, Inc.et al.*
**c/o JND Legal Administration**
**P.O. Box 91316**
**Seattle, WA 98111-9416**
**Toll-Free Number: (833) 759-2985**
**Email: info@PPGindustriessecuritieslitigation.com**
**Settlement Website: www.PPGindustriessecuritieslitigation.com**

## CLAIM FORM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, **postmarked no later than _____ __, 2019**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **2** |
| **PART II – GENERAL INSTRUCTIONS** | **4** |
| **PART III – SCHEDULE OF TRANSACTIONS IN PPG COMMON STOCK** | **8** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **10** |

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Claimant Names(s) (as the name(s) should appear on check, if eligible for payment; if the shares are jointly owned, the names of all beneficial owners must be provided):

Name of Person the Claims Administrator Should Contact Regarding this Claim Form (Must Be Provided):

Mailing Address – Line 1: Street Address/P.O. Box:

Mailing Address – Line 2 (If Applicable): Apartment/Suite/Floor Number:

City:

State/Province:          Zip Code:                              Country:

Last 4 digits of Claimant Social Security/Taxpayer Identification Number:[1]

Daytime Telephone Number:                                        Evening Telephone

---

[1] The last four digits of the taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and the telephone number of the beneficial owner(s) may be used in verifying this claim.

Number:

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.   The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.   The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.   By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice.   IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (see the definition of the Settlement Class on page 9 of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM.   **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER.**   THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.   The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of PPG common stock.   On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of PPG common stock, whether such transactions resulted in a profit or a loss.   **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      <u>Please note</u>:   Only PPG common stock purchased during the Settlement Class Period (*i.e.*, from January 19, 2017 through May 10, 2018, inclusive) is eligible under the Settlement.  However, under the "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your sales of PPG common stock during the period from January 19,

2017 through August 8, 2018, inclusive, will be used for purposes of calculating your claim under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during the 90-day look-back period must also be provided.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of PPG common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Settling Parties, PPG, and the Claims Administrator do not independently have information about your investments in PPG common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents.**

7.      Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

8.      All joint beneficial owners must each sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form. If you purchased PPG common stock during the Settlement Class Period and held the shares in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you purchased PPG common stock during the relevant time period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.

9.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

       (a)      expressly state the capacity in which they are acting;

(b)    identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the PPG common stock; and

(c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.    By submitting a signed Claim Form, you will be swearing that you:

(a)    own(ed) the PPG common stock you have listed in the Claim Form; or

(b)    are expressly authorized to act on behalf of the owner thereof.

11.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

13.    **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

14.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at info@ppgindustriessecuritieslitigation.com, or by toll-free phone at (833) 759-2985, or you can visit the Settlement website, www.PPGindustriessecuritieslitigation.com, where copies of the Claim Form and Notice are available for downloading.

15.    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and

file layout, you may visit the settlement website at www.PPGindustriessecuritieslitigation.com or you may email the Claims Administrator's electronic filing department at PPGSecurities@jndla.com.   Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information.  **Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at** PPGSecurities@jndla.com **to inquire about your file and confirm it was received and acceptable.**

## IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, PLEASE CALL THE CLAIMS  ADMINISTRATOR TOLL FREE AT (833) 759-2985.**

## PART III – SCHEDULE OF TRANSACTIONS IN PPG COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 6, above. Do not include information regarding securities other than PPG common stock.

| 1. HOLDINGS AS OF JANUARY 19, 2017 – State the total number of shares of PPG common stock held as of the opening of trading on January 10, 2017. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |
|---|---|

**2. PURCHASES/ACQUISITIONS FROM JANUARY 19, 2017 THROUGH MAY 10, 2018 –** Separately list each and every purchase/acquisition (including free receipts) of PPG common stock from after the opening of trading on January 19, 2017 through and including the close of trading on May 10, 2018. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |

| 3. PURCHASES/ACQUISITIONS FROM MAY 11, 2018 THROUGH AUGUST 8, 2018 – State the total number of shares of PPG common stock purchased/acquired (including free receipts) from after the opening of trading on May 11, 2018 through and including the close of trading on August 8, 2018. If none, write "zero" or "0."[2] _____ | |
|---|---|
| **4. SALES FROM JANUARY 19, 2017 THROUGH AUGUST 8, 2018 –** Separately list each and every sale/disposition (including free deliveries) of PPG common stock from after the opening of trading on January 19, 2017 through | **IF NONE, CHECK HERE** ○ |

---

[2] **Please note**: Information requested with respect to your purchases/acquisitions of PPG common stock from after the opening of trading on May 11, 2018 through and including the close of trading on August 8, 2018 is needed in order to balance your claim; purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

| and including the close of trading on August 8, 2018. (Must be documented.) | | | | |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| **5. HOLDINGS AS OF AUGUST 8, 2018 –** State the total number of shares of PPG common stock held as of the close of trading on August 8, 2018.  (Must be documented.)  If none, write "zero" or "0."  _____ | | | | Confirm Proof of Position Enclosed ○ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX**

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGES 11-12 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) respective current and former officers, directors, agents, parents, spouses, heirs, executors, administrators, predecessors, successors, assigns, assignees, employees, attorneys, and any person or entity who claims by, through, or on my (our) behalf, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (including, without limitation, any Unknown Claims) against the Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

### CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.     that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.     that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.     that the claimant has **not** submitted a request for exclusion from the Settlement Class;

4.     that I (we) own(ed) the PPG common stock identified in the Claim Form and have not assigned the claim(s) set forth in the Claim Form or any Released Plaintiffs' Claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.     that the claimant(s) has (have) not submitted any other claim covering the same purchases of PPG common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.     that the claimant(s) submit(s) to the jurisdiction of the Court with respect to

claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

8.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

9.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of claimant                                                               Date

_____

Print your name here

_____

Signature of joint claimant, if any                                              Date

_____

Print your name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

_____

Signature of person signing on behalf of claimant                                                Date

_____

Print your name here

_____

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see paragraph 9 on pages 5-6 of this Claim Form.)

## REMINDER CHECKLIST:

1. Please sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at (833) 759-2985.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@ppgindustriessecuritieslitigation.com, or by toll-free phone at (833) 759-2985, or you may visit www.PPGindustriessecuritieslitigation.com.  Please DO NOT call PPG or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2019**, ADDRESSED AS FOLLOWS:

Mild v. PPG Industries, Inc.et al.
c/o JND Legal Administration
P.O. Box 91316
Seattle, WA 98111-9416
(833) 759-2985
www.PPGindustriessecuritieslitigation.com

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2019 is indicated on the

envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT A-3

**Exhibit A-3**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVOR MILD, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>       v.<br><br>PPG INDUSTRIES, INC., MICHAEL H. MCGARRY, VINCENT J. MORALES, and MARK C. KELLY,<br><br>           Defendants. | Case No.: 2:18-cv-04231-RGK-JEM<br><br>Honorable R. Gary Klausner |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:  All persons and entities who, during the period between January 19, 2017 and May 10, 2018 inclusive, purchased or otherwise acquired the common stock of PPG Industries, Inc. and were injured thereby (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Central District of California, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiff in the Action has reached a proposed settlement of the Action for $25,000,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2019 at __:__ _.m., before the Honorable R. Gary Klausner at the United States District Court for the Central District of California, United States Courthouse, Roybal Federal Building, Courtroom 850, 8th Floor, 255 East Temple Street, Los Angeles, CA 90012, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated June 1, 2019 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Mild v. PPG Industries, Inc. et al.*, c/o JND Legal Administration, P.O. Box 91316, Seattle, WA 98111-9416, 1-833-759-2985. Copies of the Notice and Claim Form can also be downloaded from the settlement website maintained by the Claims Administrator, www.PPGindustriessecuritieslitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* no later than _____, 2019. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* no later than _____, 2019, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation

Expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* no later than _____, 2019, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, PPG, or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Requests for the Notice and Claim Form should be made to:

*Mild v. PPG Industries, Inc.et al.*
c/o JND Legal Administration
P.O. Box 91316
Seattle, WA 98111-9416
833-759-2985
www.PPGindustriessecuritieslitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY LLP
Leanne H. Solish, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(888) 773-9224
settlements@glancylaw.com

By Order of the Court

3

# EXHIBIT B

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit B**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

TREVOR MILD, Individually
and on Behalf of All Others Similarly
Situated,

Plaintiff,

v.

PPG INDUSTRIES, INC., MICHAEL
H. MCGARRY, VINCENT J.
MORALES, and MARK C. KELLY,

Defendants.

Case No.: 2:18-cv-04231-RGK-JEM

Honorable R. Gary Klausner

## <u>JUDGMENT APPROVING CLASS ACTION SETTLEMENT</u>

WHEREAS, a consolidated class action is pending in this Court entitled *Mild v. PPG Industries, Inc.et al.*, Case No.: 2:18-cv-04231 (the "Action");

WHEREAS, (a) Lead Plaintiff Joe Cammarata, on behalf of himself and the Settlement Class (defined below), and (b) defendant PPG Industries, Inc. ("PPG"), Michael H. McGarry, and Vincent J. Morales (collectively, with PPG, the "PPG Defendants"); and (c) defendant Mark C. Kelly (collectively, with the PPG Defendants, the "Defendants"; together with Lead Plaintiff, the "Parties") have entered into a Stipulation and Agreement of Settlement dated June 1, 2019 (the "Stipulation"), that provides for a complete dismissal with prejudice of the Released Claims on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2019 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that

notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 2019 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on June 2, 2019; and (b) the Notice and the Summary Notice, both of which were filed with the Court on June 2, 2019.

3. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who or which purchased or otherwise acquired PPG common stock between January 19, 2017 through May 10, 2018, inclusive (the

2

"Settlement Class Period") and who were damaged thereby.  Excluded from the Settlement Class are Defendants; members of the Immediate Family of each of the Individual Defendants; the current and former Officers and/or directors of PPG; any person, firm, trust, corporation, Officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.  [Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.]

4.     **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiff as Class Representative for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class.  Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.     **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the binding effect of the proposed Settlement (including the Releases to be provided thereunder) and of the proceedings, rulings, orders, and judgments in the Action; (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees

3

and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The Court further finds that Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by the Class Action Fairness Act, 28 U.S.C. § 1715.

6.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class.   The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.    **Dismissal with Prejudice** – The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.    **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective current and former officers, directors, agents,

4

parents, spouses, heirs, executors, representatives, trustees, auditors, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, attorneys, and any person or entity who claims by, through, or on behalf of Defendants, Lead Plaintiff, or any Settlement Class Member.  [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

9.    **Releases** – The Releases set forth in paragraphs 5-7 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a)    Without further action by anyone, and subject to paragraphs 9(c) and 10 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective current and former officers, directors, agents, parents, spouses, heirs, executors, representatives, trustees, auditors, affiliates, subsidiaries, administrators, predecessors, successors, assigns, assignees, employees, attorneys, and any person or entity who claims by, through, or on behalf of the Lead Plaintiff or any Settlement Class Member, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (including Unknown Claims) against the Defendants and the other Defendants' Releasees, and shall forever be enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.  This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(r) of the Stipulation).

(b)    Without further action by anyone, and subject to paragraphs 9(c) and 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective current and former officers, directors, agents,

5

parents, spouses, heirs, executors, administrators, representatives, trustees, auditors, affiliates, subsidiaries, predecessors, successors, assigns, assignees, employees, attorneys, and any person or entity who claims by, through, or on behalf of Defendants in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (including Unknown Claims) against Lead Plaintiff and the other Plaintiffs' Releasees, and shall forever be enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.  [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

(c)     Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

10.     **Bar Order** – Upon the Effective Date, any and all claims for contribution or indemnity, however denominated, based upon or arising out of the Released Plaintiffs' Claims (a) by any person or entity against any of Defendants' Releasees, or (b) by any of Defendants' Releasees against any other person or entity, other than a person or entity whose liability has been extinguished by the Settlement, are permanently barred, extinguished, and discharged to the fullest extent permitted by law (the "Bar Order"); provided, however, the Bar Order shall not (a) release any claims relating to the enforcement of the Settlement or any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; or (b) preclude the Defendants from seeking to enforce any rights of contribution or indemnification that any Defendant may have under any contract, corporate charter, or bylaw, or any right for insurance coverage under any insurance, reinsurance, or indemnity policy.

11.     **Judgment Reduction** – Any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member

6

against any individual or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Defendants for common damages; or (b) the amount paid by or on behalf of the Defendants to the Settlement Class or Settlement Class Member for common damages.

12.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13.     **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)    shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that (i) the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement; and (ii) the Releasees may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve

the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

15.   **Plan of Allocation and Award of Fees** – Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16.   **Settlement Payment** – The Court finds that Defendants have satisfied their financial obligations under the Stipulation by causing their insurers to pay twenty-five million dollars ($25,000,000) in cash to the Settlement Fund.

17.   **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18.   **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of the date and time immediately prior to the execution of the Term Sheet on May 8, 2019, as provided in the Stipulation.

19.  **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2019.


_____
The Honorable R. Gary Klausner
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit 1**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**